UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| SANWAR AHMED and ANA BUESTAN, Individually and On Behalf of All Others Similarly Situated, | Case Number: 17 CV 3044 |
| | CLASS ACTION COMPLAINT |
| Plaintiffs, | |
| -against- | |
| CITY OF NEW YORK; and individually and in their official capacity as New York City Department of Health and Mental Hygiene Inspectors JOSEPH PERSAUD and UKO UTIN and JOHN DOES 1-5. | |

------------------------------------------------------------------x

Plaintiffs SANWAR AHMED and ANA BUESTAN, by their attorney, the Urban Justice Center, complaining of defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.  This is a collective and class action brought under 42 USC §§ 1983 and 1988 against the City of New York ("the City") for its violation of civil rights, as said rights are secured by said statutes and the Constitution and the law of the United States and the State of New York.

2.  This case is about street vendors, including the named plaintiffs, who have had their vending carts and other property seized and disposed of by defendants without any legal authority to do so.

3.  Defendants have admitted they have a policy of seizing and destroying street vendors' property without any hearing or other constitutionally required due process. Plaintiffs allege that this policy is unconstitutional.

-1-

## JURISDICTION

4. This class action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 USC §§ 1331, 1343, 2202. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 USC §§ 1367 since they derive from the same facts as the federal claim.

## VENUE

6. Venue is properly laid in the Southern District of New York under 28 USC §§ 1391(b) because the defendants reside in this district.

## JURY DEMAND

7. The named plaintiffs and the putative class respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P 38(b).

## PARTIES

8. Plaintiff SANWAR AHMED is an 86 year-old immigrant from Bangladesh and resident of New York City. He is a licensed New York City mobile food vendor. He has lived in the United States for over 23 years. He has sold jhal muri, a Bangladeshi snack consisting of puffed rice with spices, in the same location in Jackson Heights, New York for the past five years.

9. Plaintiff ANA BUESTAN is a 43 year-old immigrant from Ecuador and resident of New York City. She is a licensed New York City mobile food vendor. She has lived in New York for 16 years. She has sold flavored ices in Brooklyn for the past 15 years.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. The City maintains the Department of Health and Mental Hygiene ("DOHMH") which acts as its agent in matters pertaining to public health and for which it is ultimately responsible.

11. Defendant Inspector JOSEPH PERSAUD is sued in his individual and official capacity an employee of the City of New York and acted within the scope of his employment and under the color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York.

12. Defendant Inspector UKO UTIN is sued in his individual and official capacity an employee of the City of New York and acted within the scope of his employment and under the color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York.

13. Defendants JOHN DOES 1-5 are sued in their individual and official capacity as New York City Department of Health inspectors and New York City Police Officers and acted within the scope of their employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York.

### SUBSTANTIVE FACTUAL AND GENERAL ALLEGATIONS

*A. Named Plaintiff Sanwar Ahmed*

14. On June 4, 2016, plaintiff was selling jhal muri from his pushcart in Jackson Heights, NY. At approximately 3:17 PM, two police officers and two DOHMH inspectors, including defendant Persaud approached plaintiff and informed him that they would be taking away his pushcart.

15. Defendants asked for plaintiff's vending license and proceeded to seize plaintiff's pushcart, table, and other property with its entire contents including storage his storage containers and food. Defendants then placed the aforementioned items into a truck.

16. Defendant Persaud issued plaintiff several summonses for alleged violations of the New York City Administrative Code and Health Code.

17. Plaintiff was not given any pre-deprivation hearing prior to the seizure.

18. Plaintiff was not given a voucher by the Defendants for his seized property or any other documents to help facilitate the recovery of his property.

19. From June 8th through June 21st, plaintiff's attorney attempted to determine the location of plaintiff's seized property.

20. On June 13, 2016, Officer Franco from the 115th Precinct of the NYPD informed plaintiff's attorney that plaintiff's property was not vouchered and not at the precinct.

21. On June 21, 2016, James Middleton, an executive director at the DOHMH, informed plaintiff's counsel that plaintiff's property would "most likely have been discarded."

22. On June 21, 2016, plaintiff's attorney spoke with Officer Chen from the NYPD's 115th Precinct who stated that plaintiff's cart was not vouchered and that "homemade" carts "might be destroyed."

23. Despite plaintiff's attorney's efforts to obtain plaintiff's cart, defendants have still not located any of plaintiff's property nor returned anything to plaintiff.

24. Upon information and belief, all of plaintiffs' property was destroyed by defendants.

25. Plaintiff was not given a post-deprivation hearing in relation to his seized property.

26. The seizure and disposal of plaintiff's property and its confiscation were performed under color of law, within the scope of defendant Health Inspector Persaud and defendant John Doe 1-5's employment and authority, and for whose acts defendant City is liable under the theory of *respondeat superior*.

27. The seizure and disposal of plaintiff's property violated clearly established rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the U.S. Constitution, and were the direct and proximate cause of his damages.

28. The actions of the individual defendants were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

### *B. Named Plaintiff Ana Buestan*

29. On June 12, 2016, plaintiff was walking with her food vending cart on Bedford Avenue in the Flatbush neighborhood of Brooklyn. She was returning to her garage, where she stores her cart, near Bedford Avenue and Beverly Road.

30. At approximately 4:07 PM, plaintiff was stopped by defendant Inspector Utin along with several other Inspectors from the DOHMH, as well as two Officers from the NYPD.

31. Defendant Inspector Utin issued plaintiff one summons for a violation of the New York City Administrative Code with a hearing date of July 12, 2016.

32. Defendants then seized plaintiff's ices and pushcart and placed them into the back of a truck.

33. Plaintiff was never given a voucher or any other documents regarding her seized property.

34. On July, 12, 2016, plaintiff appeared for a hearing, at the Environmental Control Board, on the summons that was issued when plaintiff's property was seized.

35. On July 18, 2016, plaintiff received a Decision and Order from the Environmental Control Board ordering her to pay a $1,000.00 penalty for the summons.

36. On July 28, 2017 plaintiff paid $1,000.00 for the summons penalty.

37. On August 3, 2016, plaintiff went to the 70th NYPD Precinct, with the receipt for her payment of the summons, and asked for her pushcart that was seized on June 12, 2016. Plaintiff was told that the officer in charge of property was not at the precinct.

38. On August 5, 2016, plaintiff returned to the 70th Precinct and asked for her pushcart. She was told that the Precinct did not have any information about her property that was seized on June 12, 2016. An officer at the precinct told her to return to the court where she adjudicated the summons.

39. Plaintiff returned to the Environmental Control Board and asked about her pushcart. She was given a piece of paper containing a phone number to call to find out about her property, but when she tried to call, she was told it was the wrong department.

40. Upon information and belief, plaintiff's pushcart was destroyed by defendants.

41. Plaintiff was not given a post-deprivation hearing in relation to her seized property.

42. The seizure and disposal of plaintiff's property and its confiscation were performed under color of law, within the scope of defendant Health Inspector Utin's and defendant John Doe 1-5's employment and authority, and for whose acts defendant City is liable under the theory of *respondeat superior*.

43. The seizure and disposal of plaintiff's property violated clearly established rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the U.S. Constitution, and were the direct and proximate cause of her damages.

44. The actions of the individual defendants were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

### C. *Plaintiff Members of the Class*

45. Upon information and belief, these factual allegations pertaining to the named plaintiffs are similar to the experiences of hundreds of other licensed street vendors in New York City who have had their property seized then disposed of by the City in violation of the United States Constitution.

46. Defendants have a policy of disposing street vendors' property without any due process. Correspondence from James Middleton, Executive Director at the DOHMH, indicated that property such as the named plaintiff Ahmed's would have been discarded. Furthermore, Isaac Popoola, a director at the DOHMH, indicated, in email correspondence, that it is DOHMH policy that "make shift stands, tables and shopping carts confiscated as unpermitted will not be vouchered by NYPD but crushed by DSNY."

47. The DOHMH's unconstitutional practices are a direct and proximate result of the failure of the City to adequately monitor, discipline, and take necessary corrective action against unconstitutional policies, practices, and customs.

48. Defendants' policies and practices have caused members of the class, the vast majority of whom are immigrants who do not speak English as their first language, extreme hardship such as loss of livelihood and valuable property.

49. The City's failure to adequately monitor, discipline and take corrective action against DOHMH's unconstitutional policy, in light of the class member's experiences, therefore reflects a deliberate indifference to the consequences of its inaction.

50. Defendants' policies and practices have resulted in the permanent deprivation of plaintiffs' property without due process of law.

51. The named plaintiffs and other members of the class will suffer irreparable harm to their constitutional rights unless defendants are enjoined from continuing the City's unconstitutional policy of seizure and disposal of personal property without constitutionally required due process.

## CLASS ACTION ALLEGATIONS

52. The named plaintiffs bring this proceeding as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all New York City mobile food vendors who have had their property disposed of by defendants prior to any adjudication to determine whether defendants may lawfully and permanently deprive the vendors of their property.

53. The named plaintiffs propose the following class definition: "all New York City street vendors who have been permanently deprived of their vending pushcarts and other vending property by defendants without any pre or post-deprivation hearings."

54. This action meets all the Rule 23(a) prerequisites of maintaining a class action.

55. *Numerosity under Rule 23(a)(1)*: The members of the class are so numerous that joinder of all members would be impracticable. There are an estimated 17,000 licensed mobile food vendors in New York City. All mobile food vendors are subject to the enforcement actions of defendants, including potentially having their property seized and disposed of in violation of the U.S. Constitution.

56. Upon information and belief, hundreds of mobile food vendors have had their property seized and permanently destroyed by defendants without any pre or post-deprivation hearings to determine whether defendants may lawfully possess the property.

57. Plaintiff is not certain of the exact number of vendors whose property has been unconstitutionally discarded, however, upon information and belief, it is likely that defendant City of New York possesses records of all such street vendor property seizures.

58. Furthermore, joinder is impracticable because, upon information and belief, the vast majority of food vendors are immigrants who do not speak English as their first language. As such they may not even be aware that their rights may have been violated.

59. *Adequacy of Representative under Rule 23(a)(4)*: The named plaintiffs will fairly and adequately represent and protect the interest of the members of the class. The named plaintiffs and the putative class are represented by the Urban Justice Center, a non-profit public interest legal aid provider that is experienced in class action litigation involving violations of civil rights by the municipal government to further ensure protection of street vendors, and intends to prosecute this class action vigorously. In bringing this action, the Urban Justice Center has done extensive work to identify and investigate the named plaintiffs' claims. Plaintiffs do not have any interests antagonistic to, or in conflict with the class.

60. *Typicality under Rule 23(a)(3):* The named plaintiffs' claims are typical of the claims of the other members of the class because plaintiffs and all of the class members' damages arise from and were caused by the same injurious course of conduct by the defendants in taking their property without any due process. Furthermore, the named plaintiffs' claims as well as those of the putative class members are based on the same legal theories. Additionally, the named plaintiffs are seeking the same relief as the members of the putative class.

61. *Commonality Under Rule 23(a)(2)*: Common questions of law and fact exist as to all members of the class and predominate over any question affecting individual members of the class. Common question of law and fact include but are not limited to:

      a. Whether defendants have a policy and practice of seizing then disposing of personal property of street vendors without pre or post-deprivation hearings;

      b. Whether the Fourth, Fifth, Eighth and Fourteenth Amendment of the United States Constitution were violated by defendants' acts as alleged herein;

      c. The extent of injuries sustained by members of the class and the appropriate measure of damages.

62. *Superiority under Rule 23(b)(3)*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the great majority of mobile food vendors are immigrants, the limited language skills and legal knowledge that individual class members have, in addition to the expense and burden of the individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged. The named plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## DAMAGES

63. As a direct and proximate cause of the said acts of defendants, plaintiffs suffered the following injuries and damages:

      d. Violations of their rights under Fourth, Fifth, Eighth, and Fourteenth Amendment of the U.S. Constitution; and

      e. Economic damages including loss of property and loss of income.

## CAUSES OF ACTION

### A. COUNT I – 42 USC § 1983 – UNREASONABLE SEIZURE

64. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

65. By their conduct, under color of law, defendants deprived plaintiffs of their constitutional right to be free from unreasonable searches and seizures by seizing and permanently depriving them of their property.

### B. COUNT II – 42 USC § 1983 – PROCEDURAL DUE PROCESS

66. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

67. By their conduct, under color of law, defendants denied plaintiffs their right to due process by depriving them of their property without due process of law.

### C. COUNT III – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

68. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

69. By their conduct, under color of law, defendants denied plaintiffs their fundamental right to have pre or post-deprivation hearings in spite of a lack of legitimate government purpose.

### D. COUNT IV – 42 USC § 1983 – MONELL CLAIM

70. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if set forth in full.

71. The City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors, which caused the violation of plaintiffs' rights.

72. It was policy and custom of the City to train, supervise, and discipline officers, including the defendant officers, inadequately with respect to the rights of street vendors and the

seizure and safeguarding of their property, thereby causing the defendants in this case to engage in the unlawful conduct described above.

73. As a direct and proximate cause of the City's deliberate indifference, defendants violated plaintiffs' constitutional rights for which they suffered damages.

### E. COUNT V – 42 USC § 1983 – PENDANT STATE CLAIMS

74. By their actions, as set forth above, defendants committed conversion, negligence, and gross negligence under the laws of the State of New York.

　　a. *Conversion Claim:* Plaintiffs are the rightful owner of their property as they were purchased or commissioned by them. Defendants' disposal of plaintiffs' property intentionally interfered with plaintiffs' property rights. Furthermore, defendants' interference permanently deprived the plaintiffs of their possession and use of the property in question. Lastly, defendants' interference caused monetary damages to the plaintiffs by not providing plaintiffs just compensation for the seizure and by depriving plaintiffs of their livelihoods.

　　b. *Negligence Claim:* Defendants owed a duty to provide constitutionally required due process to plaintiffs. Defendants breached that duty by depriving plaintiffs of their property without pre or post-deprivation hearings. Defendants' actions are the sole and direct cause of the unconstitutional deprivation of plaintiffs' property. As defendants are in control of law enforcement mechanisms within the City of New York, defendants actions are the sole and direct cause of the plaintiffs' being deprived of their property without due process. Furthermore, the unconstitutional deprivation of

plaintiffs' property is something that is within the scope of foreseeability for defendants when defendants neglected to issue vouchers for plaintiff's property, and maintained a policy of discarding street vendors' property without due process. As a result of defendant's actions, plaintiffs suffered damage to their property as they were permanently and unlawfully deprived of it.

c. **Gross Negligence Claim:** Defendants' actions are intentional as their policy of discarding property without pre or post-deprivation hearings reflects their conscious disregard for what is constitutionally required.

75. At all relevant times, defendant Health Inspectors Joseph Persaud, Uko Utin, and John Does 1-5 were employees of the City of New York, were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

76. Consequently, the City is liable under the theory of *respondeat superior* for its tortious actions.

77. This Court has pendant jurisdiction to hear and adjudicate said claims.

### REQUEST FOR RELIEF

WHEREFORE, plaintiffs request the following relief jointly and severally as against all Defendants:

1. Declaratory relief which consists of an entry of judgment declaring that defendants' policy and practice of seizing and subsequent disposal of personal property without any adjudication to determine whether defendants may lawfully keep such property is unconstitutional;

2. Injunctive relief prohibiting defendants from engaging in the above-described policies and practices;

3. Award compensatory damages in an amount to be determined at trial;

4. Award punitive damages in an amount to be determined at trial;

5. Disbursements, costs, and attorneys' fees; and

6. For such other and further relief as this Court may deem just and proper.

DATED: New York, New York
April 26, 2017

Respectfully submitted,

Matthew Shapiro, Esq.
Sean Basinski, Esq.
Urban Justice Center
Attorneys for Plaintiff
40 Rector Street, 9th Floor
New York, NY 10006
Phone: (646)602-5679