UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

SANWAR AHMED and ANA BUESTAN,
Individually and On Behalf of All Others Similarly
Situated,

                                  Plaintiffs,

                 - against -

CITY OF NEW YORK; and individually and in their
official capacity as New York City Department of Health
and Mental Hygiene Inspectors JOSEPH PERSAUD and
UKO UTIN and JOHN DOES 1-5.

---------------------------------------------------------------------- x

**AMENDED ANSWER TO
CLASS ACTION
COMPLAINT**

17 CV 3044 (SHS)

       Defendants CITY OF NEW YORK, JOSEPH PERSAUD and UKO UTIN, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Amended Answer to the Class Action Complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint.

       3.     Deny the allegations set forth in the first sentence of paragraph "3" of the Complaint.  Deny the allegations set forth in the second sentence of paragraph "3" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

       4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

       5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as set forth therein.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs purport to base venue as set forth therein.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff Sanwar Ahmed ("plaintiff Ahmed") was issued a mobile food vendor license by the New York City Department of Health and Mental Hygiene ("DOHMH").

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff Ana Buestan was issued a mobile food vendor license by the DOHMH.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, and respectfully refer the Court to Chapter 22 of the New York City Charter for the powers and duties of the DOHMH.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiffs purport to sue Inspector Joseph Persaud ("Inspector Persaud") in his individual and official capacities and that Inspector Persaud is an employee of the City of New York, and aver that at all times Inspector Persaud acted lawfully and properly.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiffs purport to sue Inspector Uko Utin ("Inspector Utin") in his individual and official capacities and that Inspector Utin is an employee of the City of New York, and aver that at all times Inspector Utin acted lawfully and properly.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiffs purport to sue John Does 1-5 in their individual and official capacities.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, except admit that on June 4, 2016 at approximately 3:17 PM, Inspector Persaud observed plaintiff Ahmed vending items from a stand that did not have a valid permit.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that employees of the City of New York confiscated and removed items from plaintiff Ahmed on June 4, 2016.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Inspector Persaud issued Notice of Violation No. 0890373707 to plaintiff Ahmed for a violation of New York City Administrative Code § 17-307(b).

17.     Deny the allegations set forth in paragraph "17" of the Complaint insofar as they allege or purport to allege that defendants acted improperly, contrary to law, or in violation of plaintiff Ahmed's statutory or constitutional rights.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint insofar as they allege or purport to allege that defendants acted improperly, contrary to law, or in violation of plaintiff Ahmed's statutory or constitutional rights.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that James Middleton, an executive director at the DOHMH, sent an email to plaintiffs' counsel on June 21, 2016 regarding plaintiff Ahmed.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint insofar as they allege or purport to allege that defendants acted improperly, contrary to law, or in violation of plaintiff Ahmed's statutory or constitutional rights.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Neither deny nor admit the allegations set forth in paragraph "25" of the Complaint as they consist of a legal argument, but to the extent that this Court requires a response, deny the allegations.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, except admit that on June 12, 2016 at approximately 4:07 PM, Inspector Utin observed plaintiff Ana Buestan ("plaintiff Buestan") vending items from a cart that did not have a valid permit.

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except admit that Inspector Utin issued Notice of Violation No. 0890385870 to plaintiff Buestan for a violation of New York City Administrative Code § 17-307(b), which instructed her to appear at a hearing at the New York City Environmental Control Board ("ECB") on July 12, 2016.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that employees of the City of New York confiscated and removed items from plaintiff Buestan on June 12, 2016.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that plaintiff Buestan appeared at ECB on July 12, 2016 for a hearing regarding Notice of Violation No. 0890385870.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that by Decision and Order dated July 12, 2016, Hearing Officer Susan Kippins found plaintiff Buestan in violation of New York City Administrative Code § 17-307(b) and ordered her to pay the Board-approved fine of $1000.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that plaintiff Buestan paid the $1000 fine for Notice of Violation No. 0890385870.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint, except deny the allegations insofar as they allege or purport to allege that defendants acted improperly, contrary to law or in violation of plaintiff Buestan's statutory or constitutional rights.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except deny the allegations insofar as they allege or purport to allege that defendants acted improperly, contrary to law or in violation of plaintiff Buestan's statutory or constitutional rights.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Neither deny nor admit the allegations set forth in paragraph "41" of the Complaint as they consist of a legal argument, but to the extent that this Court requires a response, deny the allegations.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint, except admit that James Middleton and Isaac Popoola of the DOHMH had email correspondence with plaintiffs' counsel, and further admit that plaintiffs accurately quote from a portion of an email sent by Isaac Popoola.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, except admit that mobile food vendors are subject to enforcement action by the City of New York for

violations of the New York City Health Code, Rules of the City of New York, and the New York City Administrative Code, and aver that there are currently 18,016 licensed mobile food vendors in New York City.

56.    Deny the allegations set forth in paragraph "56" of the Complaint.

57.    Deny the allegations set forth in paragraph "57" of the Complaint.

58.    Deny the allegations set forth in paragraph "58" of the Complaint.

59.    Deny the allegations set forth in paragraph "59" of the Complaint, except admit that plaintiff Ahmed and plaintiff Buestan are represented by the Urban Justice Center and that the Urban Justice Center purports to represent the putative class.

60.    Deny the allegations set forth in the first sentence of paragraph "60" of the Complaint.  Deny the allegations set forth in the second and third sentences of paragraph "60" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

61.    Deny the allegations set forth in paragraph "61" of the Complaint.

62.    Deny the allegations set forth in paragraph "62" of the Complaint.

63.    Deny the allegations set forth in paragraph "63" of the Complaint.

64.    In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

65.    Deny the allegations set forth in paragraph "65" of the Complaint.

66.    In response to the allegations set forth in paragraph "66" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

67.    Deny the allegations set forth in paragraph "67" of the Complaint.

68.     In response to the allegations set forth in paragraph "68" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     In response to the allegations set forth in paragraph "70" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Complaint, except admit that Inspector Persaud and Inspector Utin are employees of the City of New York.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as set forth therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

78.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

79.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

80.     The actions of any health inspectors or police officers involved were reasonable.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

81.     Any and all actions taken by Inspector Persaud and Inspector Utin with respect to the plaintiffs did not violate any clearly established rights or laws of which a reasonable person would have known at the time and under the circumstances that the actions were taken.   Consequently, Inspector Persaud and Inspector Utin are immune from liability under the doctrine of qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

82.     Plaintiffs cannot obtain punitive damages against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

83.     Plaintiffs are barred from obtaining relief for their claims of conversion, negligence, and gross negligence as they failed to file a Notice of Claim with the Office of the New York City Comptroller.

**WHEREFORE,** Defendants request judgment dismissing the Class Action Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
          August 18, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-4013


By:          /s/
        ANGELIE THOMAS
        Assistant Corporation Counsel