UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANWAR AHMED and ANA BUESTAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF NEW YORK, and individually and in their official capacity as New York City Department of Health and Mental Hygiene Inspectors JOSEPH PERSAUD and UKO UTIN and JOHN DOES 1-5, <br><br> Defendants. | Case Number: 17 CV 3044 (SHS) <br><br> **CLASS ACTION** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE RULE 68 OFFER OF JUDGMENT

Plaintiffs Sanwar Ahmed and Ana Buestan ("Plaintiffs") filed a Class Action Complaint on April 26, 2017 under 42 U.S.C. §§ 1983 and 1988 alleging constitutional violation of due process and unconstitutional, unreasonable seizure. In particular, Plaintiffs contend that the Defendant City of New York, along with named and unnamed City employees at the New York City Department of Health and Hygiene (the "Defendants"), seized and disposed of Plaintiffs' vending carts without any hearing or other constitutionally required due process. Plaintiffs allege, among other things, that as a result of Defendants' actions, they suffered actual damages in the form of loss of property and loss of income. Complaint ¶ 63. The Complaint seeks the following relief: (1) a declaration that Defendants' policy and practice of seizing and subsequently disposing of personal property without due process to determine whether Defendants may lawfully keep such property, or even any compensation for the taken property,

is unconstitutional; (2) injunctive relief prohibiting Defendants from engaging in these unconstitutional policies and practices; and (3) compensatory and punitive damages for the two named Plaintiffs and all others similarly situated (the "Class").[1]

Defendants filed an Answer to the Complaint on July 31, 2017, and an Amended Answer on August 18, 2017. The same day Defendants filed the Amended Answer, Defendants also individually tendered documents titled "Rule 68 Offer of Judgment" (the "Offers") to Plaintiffs Ahmed and Buestan. Copies of the Offers are attached hereto as Exhibit A and Exhibit B. The Offers were directed to Plaintiffs Ahmed and Buestan only in their individual capacity, and not as representatives of the Class. The Offers, which could only be accepted up to and including September 1, 2017, consisted of judgment in favor of Plaintiffs Ahmed and Buestan in the amount of $2,501.00 each and reasonable costs and attorneys' fees. *See* Exhibit A and Exhibit B. The Offers made no provision for other putative class members, included no declaration or concession that the City's policy and practice is unconstitutional, and included no injunction or promise to provide due process and comply with constitutional requirements for just compensation.

Defendants have attempted to use Rule 68 to "pick off" the named Plaintiffs prior to class certification. This tactic has been expressly rejected by many courts and is against congressional intent and class action policy. For the reasons discussed below, Plaintiffs Ahmed and Buestan request that this Court strike the Offers and declare them to be of no effect in this proceeding.

On August 31, 2017, we attempted to resolve this issue with counsel for the City without the need for court intervention. The City confirmed its intent to cut off any 42 U.S.C. § 1988 liability for costs for any further litigation of the blatantly unconstitutional policy and practice

---

[1] Plaintiffs Ahmed and Buestan seek to represent a Class defined in the Complaint as follows: "[A]ll New York City street vendors who have been permanently deprived of their vending pushcarts and other vending property by defendants without any pre or post-deprivation hearings." Complaint ¶ 53.

alleged in this case, *see* Declaration of Daniel Day in Support of Petitioners' Motion (Sept. 1, 2017), thus necessitating this motion.

## ARGUMENT

**I.  A RULE 68 OFFER TO NAMED PLAINTIFFS THAT DOES NOT PROVIDE CLASS RELIEF OR FULL RELIEF REQUESTED IS INCOMPATIBLE WITH CLASS ACTION LITIGATION UNDER 42 U.S.C. § 1983.**

Fed. R. Civ. P. 68 provides in pertinent part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued . . . . An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs . . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Using Rule 68 as both a sword and a shield, Defendants' Offers are a mechanism by which to prevent adjudication of an unconstitutional practice by the City of New York against its own residents that is likely to be repeated. Plaintiffs' allege that Defendants' unconstitutional practice of permanently depriving street vendors of their vending property without due process caused significant harm to each potential class member. The actual damages street vendors suffer under Defendants' unconstitutional policy is not significant enough to justify individual lawsuits by each affected street vendor, and judicial economy warrants class action. These reasons are the exact purpose for class action claims under 42 U.S.C. § 1983. In a similar 42 U.S.C. § 1983 action against the City of New York for an unconstitutional policy of issuing unconstitutional summonses, this Court held:

> Consolidating a class involving so many potential plaintiffs would promote judicial economy, and individual lawsuits could lead to inconsistent results. Furthermore, without class certification, it is likely that the constitutional violations Plaintiffs allege would go unadjudicated, as many of the potential class members do not possess the knowledge or resources to prosecute a lawsuit, and

3

> the relatively small amount of damages suffered by each individual plaintiff decreases the possibility of individual lawsuits being filed.

*Stinson v. City of New York*, 282 F.R.D. 360, 383 (S.D.N.Y. 2012). Thus, a class action represents a superior means of adjudicating Plaintiffs' claims. Moreover, Congress has expressly determined that it is in the public interest to support this type of litigation by permitting plaintiffs to recover attorney's fees and costs. *See* 42 U.S.C. § 1988. To permit the City's incomplete and individual Offers to operate as effective Rule 68 offers subverts this statutory provision. In other words, Defendants' attempt to "pick off" the named Plaintiffs is contrary to law and congressional intent.

Courts have granted motions to strike Rule 68 offers of judgment for placing improper pressure on named Plaintiffs to drop class actions. For example, in *Boles v. Moss Codilis, LLP*, No. 10-CV-1003 (XR), 2011 WL 4345289 (W.D. Tex. Sept. 15, 2011), plaintiff filed a putative class action under the Federal Fair Debt Collection Act and Texas Debt Collection Act. Ten days after the plaintiff filed his motion for class certification, Defendant forwarded a Rule 68 offer of judgment directed at the individual plaintiff personally for the maximum statutory amount. *Id.* at *1. Plaintiff filed a motion to strike the offer, "arguing that it was an impermissible attempt to 'pick off' the named Plaintiff." *Id.* The Western District of Texas explained that "when a Rule 68 offer is made pre-certification, the class representative is compelled 'to weigh [their] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class.'" *Id.* at *2 (citing *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006)). The Western District of Texas granted the plaintiff's motion to strike, holding that Rule 68 offers to named plaintiffs before class certification "contravene the purpose of Rule 68" and

"forces the named Plaintiff to consider the strength of the class certification motion, not the likelihood of success on the merits."[2] *Boles*, 2011 WL 4345289, at *3.

Plaintiffs' argument to strike Defendants' Offers is even stronger. Here, Defendants attempt to "pick off" Plaintiffs before class identification or motion for class certification. If taken as true, Plaintiffs' Complaint identifies potentially "hundreds of other licensed street vendors in New York City who have had their property seized then disposed of by the City in violation of the United States Constitution." Complaint ¶ 45. Defendants' Offers make no provision for class members, make no attempt to concede or rectify its unconstitutional practices, and make no promise to provide due process and just compensation in the future. In other words, the City is attempting to buy off Plaintiffs before discovery reveals similarly situated individuals who have been harmed by the City's unconstitutional policy. Thus, Defendants' Offers "contravene the purpose of Rule 68." *Boles*, 2011 WL 4345289, at *3.

Moreover, Defendants' application of Rule 68 is likely to have a chilling effect on the vigorous prosecution of 42 U.S.C. § 1983 suits. By chilling citizen suits under Section 1983, Rule 68 impedes the substantive and procedural rights provided by the Civil Rights Act. At least one federal court has said that, as a result, application of this rule violates the Rules Enabling Act, which provides that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). In *N. Carolina Shellfish Growers Ass'n v. Holly Ridge Assocs., LLC*., 278 F. Supp. 2d 654 (E.D.N.C. 2003), the Eastern District of North Carolina held a defendant's Rule 68 offer null, void, and inapplicable to citizen suits brought

---

[2] The Western District of Texas in *Boles* cites *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), abrogated by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), to support this proposition. The Supreme Court abrogated *Weiss* on its holding that an unaccepted offer of judgment satisfying plaintiff's individual claim rendered a class action moot. *Id.* at 340. *Weiss*'s holding was based on unsettled law at the time, and *Weiss*'s dicta supporting Plaintiffs' argument that Rule 68 "application is strained when an offer of judgment is made to a class representative" is still good law. *Id.* at 344. Regardless, Plaintiffs do not assert that Defendants are attempting to moot Plaintiffs claim, and Defendants' Offers do not satisfy Plaintiffs' claim because the Offers do not provide for Plaintiffs' demand for declaratory and injunctive relief.

5

under the Clean Water Act (CWA) because it would violate the Rules Enabling Act, create enormous disincentives and discourage plaintiffs, who serve the public interest, from vigorously prosecuting CWA claims, thereby thwarting congressional intent. *Id.* at 668.

Likewise, Defendants' Offers subvert congressional intent to incentivize litigation of constitutional violations under 42 U.S.C. § 1983. Congress enacted 42 U.S.C. § 1983 to insure that all litigants have available the substantive and financial means to vindicate federal constitutional and statutory rights. *Felder v. Casey*, 487 U.S. 131, 139 (1988) (stating that the central purpose of Section 1983 is to provide a means for individuals whose federal constitutional or statutory rights are violated to recover damages or equitable relief). Section 1983 has become a crucial weapon in the fight to protect Americans from arbitrary deprivation of their civil rights. Without the damages and attorneys' fees authorized by Section 1983, many Americans would not be able to afford to assert their civil rights assured by both the Constitution and federal statutes.

Here, Defendants' Offers, in effect, nullify congressional intent. Once a defendant makes and a plaintiff rejects a Rule 68 offer, the plaintiff cannot recover the costs accrued in attempting to protect his own constitutional and statutory rights (*i.e.*, attorney's fees and filing fees) under 42 U.S.C. § 1988 if, after final adjudication, the plaintiff recovers a judgment less than the defendant's Rule 68 offer. *See Marek v. Chesny*, 473 U.S. 1 (1985) (Rule 68 acts to cut off the defendant's liability for attorney's fees to the plaintiff because Section 1988 defines attorney's fees "as part of the costs" of litigation). Thus, Defendants' Offers, pursuant to Rule 68, shifts the cost burden (which Congress intended to be relieved by 42 U.S.C. § 1988) back onto the Plaintiffs if the Plaintiffs decide to instead fully adjudicate legal constitutional claims, including

their demand for declaratory and injunctive relief, and receive an individual cash recovery less than $2,501 even if the ultimate class benefits are substantial.

If Rule 68 is applied in this case, Plaintiffs could be forced to choose between (1) accepting a judgment they deem inadequate or (2) pursuing the litigation in hopes of receiving a more favorable judgment, at the risk of sacrificing an award of attorney's fees. Thus, Defendants' are clearly using Rule 68 as a way to "pick off" Plaintiffs, continue their unconstitutional practices in violation of Americans' civil rights, and avoid paying Plaintiffs' litigation costs. This tactic subverts the specific policy considerations inherent in putative class actions of identifying and remedying widespread constitutional violations:

> ***A defendant, by an offer of judgment, could pay an insignificant amount to the named plaintiff to avoid a potentially significant payout if the lawsuit proceeded as a class action. Considerable wrongdoing could thus go unremedied***. In addition, even if those similarly situated to the named plaintiff were not stymied by the lack of a class action, they often would have no option other than to bring small individual actions. These would not be in the interest of judicial economy and could likely generate excessive costs and fees compared to a class action.

*Zeigenfuse*, 239 F.R.D. at 401-2 (granting a plaintiff's motion to strike a defendant's offer of judgment and holding that "Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed") (emphasis added); *see also Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (observing that the tactic "is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit"); *Gay v. Waiters' & Dairy Lunchme's Union*, 86 F.R.D. 500 (N.D. Cal. 1980) (holding Rule 68 inapplicable to class actions). In short, Defendants' Offers are a mechanism by which to prevent adjudication of an unconstitutional practice by the City of New York against its own residents which is likely to be repeated.

Furthermore, a representative plaintiff has limited authority to accept a settlement offer, formal or informal, and that authority is subject to the review and approval of the Court regarding notice, fairness, adequacy and reasonableness. Fed. R. Civ. P. 23(e);[3] *see Schaake v. Risk Mgmt. Alts., Inc.*, 203 F.R.D. 108, 111 (S.D.N.Y. 2001) ("[I]t has long been recognized that Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23."). Rule 68 does not mesh with the careful supervision required of District Courts under Rule 23(e) because Rule 68 sets a nondiscretionary fourteen-day limit on a plaintiff's power of acceptance—a limit which is clearly insufficient to consider the merits of the offer, provide notice to class members, and obtain court approval. *See Marek*, 473 U.S. at 33 n.49 (Brennan, J. dissenting).

## II. STRIKING DEFENDANTS' OFFERS OR HOLDING THEM INVALID IS THE MOST EFFECTIVE WAY TO PROTECT CLASS MEMBERS.

Striking the motion "is the most efficient and effective way to acknowledge that the offer is invalid. It also is the result most consistent with [a] Court's duty to protect the putative class members." *Boles*, 2011 WL 4345289, at *4; *see also, e.g.*, *Johnson v. U.S. Bank Nat'l Ass'n*, No. 10-4880 (MJD/JJK), 2011 WL 2619619 (D. Minn. June 30, 2011); *Lamberson v. Fin. Crimes Servs., LLC*, No. 11-98 (RHK/JJG), 2011 WL 1990450 (D. Minn. April 13, 2011); *Hornicek v. Cardworks Servicing, LLC*, No. 10-CV-3631, 2011 WL 1419607 (E.D. Pa. March 18, 2011).

In the alternative, the Court should hold Defendants' Offers invalid. Judge Allyne R. Ross of the Eastern District of New York held invalid a Rule 68 offer made out to the named

---

[3] Fed. R. Civ. P. 23(e) provides:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

8

plaintiff, not the putative class as a whole, before class certification. *McDowall v. Cogan*, 216 F.R.D. 46, 51-2 (E.D.N.Y. 2003) (finding that such an offer "has no legal significance").[4] Judge Ross explained that the then-current version of Rule 68 referred to offerees as the "adverse party" and "[i]n certain class actions, the adverse party should be conceived of as the indivisible class; the named plaintiff and other unnamed class members should not be thought of individually as adverse parties." *Id.* at 50. Judge Ross held that "[b]ecause the adverse party to whom the defendant made the offer ceased to exist once the class came into being, the defendant did not extend its settlement proposal to the true offeree." *Id.* at 50. Rule 68 today identifies the offeree as the "opposing party," but Judge Ross's logic remains equally applicable and valid. Defendants' Offers did not extend settlement to the true offeree, the potential class of individuals harmed by Defendants' unconstitutional practice of permanently depriving street vendors of their vending property without due process. Defendants' Offers, therefore, are invalid.

## CONCLUSION

For the foregoing reasons, Plaintiffs Ahmed and Buestan respectfully request that Defendants' Rule 68 Offers of Judgment be stricken, or in the alternative be held invalid, and declared to be of no effect.

---

[4] Although Judge Ross ultimately denied plaintiff's motion to strike, her order declaring the offer invalid has the same effect of upholding congressional intent to support Section 1983 class action litigation with an award for fees and costs.

Dated:   New York, New York
         September 1, 2017

                                                    Respectfully submitted,

                                                    /s/ *Daniel L. Day*
                                            By:     Daniel L. Day
                                                    Justin S. Weddle
                                                    Brown Rudnick LLP
                                                    Seven Times Square
                                                    New York, NY 10036
                                                    Tel: (212) 209-4978
                                                    Fax: (212) 937-2882
                                                    dday@brownrudnick.com
                                                    jweddle@brownrudnick.com


                                                    Matthew Shapiro
                                                    Sean Basinski
                                                    Urban Justice Center
                                                    40 Rector Street, 9th Floor
                                                    New York, NY 10006
                                                    Tel: (212) 602-5679
                                                    Fax: (212) 533-4598
                                                    mshapiro@urbanjustice.org
                                                    sbaskinski@urbanjustice.org

                                                    *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2017, the foregoing Memorandum of Law in Support of Plaintiffs' Motion to Strike Rule 68 Offer of Judgment was filed with the Clerk of the Court using the CM/ECF system and served upon all counsel of record through the CM/ECF system.

Dated: New York, New York
September 1, 2017

>                                             */s/ Daniel L. Day*
>                                             Daniel L. Day
>                                             BROWN RUDNICK LLP
>                                             Seven Times Square
>                                             New York, New York 10036
>                                             Telephone: (212) 209-4978
>                                             Facsimile: (212) 938-2882
>                                             dday@brownrudnick.com
>
>                                             *Counsel for Plaintiffs*