UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/17

---

SANWAR AHMED and ANA BUESTAN, individually and on behalf of all others similarly situated,

                Plaintiffs,

-against-

CITY OF NEW YORK, and individually and in their official capacity as New York City Department of Health and Mental Hygiene Inspectors JOSEPH PERSAUD and UKO UTIN and JOHN DOES 1-5,

                Defendants.

17-Cv-3044 (SHS)

OPINION

SIDNEY H. STEIN, U.S. District Judge.

Plaintiffs Sanwar Ahmed and Ana Buestan are "street vendors" in New York City who allegedly "had their vending carts and other property seized and disposed of" by New York City Department of Health and Mental Hygiene inspectors "without legal authority to do so." (Compl. ¶ 2.) Ahmed is an immigrant from Bangladesh and a licensed New York City food vendor who sells jhal muri, a Bangladeshi snack of puffed rice and spices, from his food cart. (Id. ¶ 8.) Buestan is an Ecuadorian immigrant who sells flavored ices from her food cart and is also a licensed food vendor. (Id. ¶ 9.)

They bring claims for violations of their constitutional rights pursuant to 42 U.S.C. § 1983 and New York state law claims for conversion and negligence on behalf of a putative class of "all New York City street vendors

who have been permanently deprived of their vending pushcarts and other vending property by defendants without any pre or post-deprivation hearings." (*Id.* ¶ 53.) Ahmed and Buestan filed their complaint on April 26, 2017 but have not yet moved for class certification due to the need to conduct discovery as to the number and identity of similarly situated individuals. (*See* Pls.' Mem., Doc. 26 at 5; Pls.' Reply Mem., Doc. 32 at 4–5.)

On August 18, pursuant to Fed. R. Civ. P. 68, defendants presented each plaintiff with an identical offer of judgment in the amount of $2,501 "plus reasonable attorneys' fees, expenses and costs to the date of this offer." (Doc. 27-1; 27-2.) That figure exceeds the amount of property damages claimed by Ahmed and Buestan,[1] though it does not address their claims for injunctive and declaratory relief arising out of the City's purportedly unconstitutional policies. The Rule 68 offers of judgment were addressed to Ahmed and Buestan individually and offered no relief to the putative class.

Ahmed and Buestan did not respond to the offers, which expired on September 1. Pursuant to Fed. R. Civ. P. 68, "[a]n unaccepted offer is considered withdrawn" and "is not admissible except in a proceeding to determine costs." In addition, the United States Supreme Court confirmed last year in *Campbell-Ewald Co. v. Gomez* that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." 136 S. Ct. 663, 672 (2016). The only possible effect of the unaccepted offers, per Rule 68(d), is

---

[1] In Ahmed and Buestan's initial disclosures pursuant to Fed. R. Civ. P. 26(a), they claimed $2,300 in damages for the loss and destruction of their property. (Doc. 30-1.)

2

to hold Ahmed and Buestan responsible for subsequently incurred costs – including their attorneys' fees pursuant to 42 U.S.C. § 1988, *see Marek v. Chesny*, 473 U.S. 1, 11 (1985) – in the event that plaintiffs ultimately prevail but obtain a judgment less favorable than the $2,501 offer of judgment made to each named plaintiff.

Ahmed and Buestan have now moved pursuant to Fed. R. Civ. P. 7(b) for an order "striking the Rule 68 Offer of Judgment served" on each plaintiff "and declaring the Rule 68 Offer of Judgment to have no effect." (Doc. 25.) For the following reasons, the Court denies plaintiffs' motion.

Rule 68 reads in pertinent part as follows:

> **(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . .
>
> **(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> . . .
>
> **(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Plaintiffs first suggest that the offers should be stricken because enforcing Rule 68 here would conflict with Congress's intent to promote civil rights actions pursuant to 42 U.S.C. §§ 1983 and 1988 by providing that reasonable attorneys' fees and costs may be awarded to a prevailing plaintiff. But the text of the rule contains no exception to its terms for civil

3

rights actions and the Supreme Court has repeatedly rejected arguments for the judicial carveout to Rule 68 that plaintiffs seek. Rather, "applying Rule 68 in the context of a § 1983 action is consistent with the policies and objectives of § 1988. Section 1988 encourages plaintiffs to bring meritorious civil rights suits; Rule 68 simply encourages settlements. There is nothing incompatible in these two objectives." *Marek*, 473 U.S. at 11; *see also City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986) (plurality opinion). It would be jurisprudentially inappropriate for the Court to encrust an exception onto a Federal Rule of Civil Procedure that does not exist in the plain words of the rule itself. This Court does not have the power to rewrite Rule 68.

Plaintiffs next advance the procedural posture of this case – a putative class action – as a reason to grant their motion. Rule 68, plaintiffs urge, is simply inapplicable to class actions. Were Rule 68 to apply to class actions, they contend, defendants could effectively defeat a class action by making a Rule 68 offer to each named plaintiff. However, the great weight of authority in this Circuit holds that "Rule 68 also applies to class actions." *Morgan v. Account Collection Tech., LLC*, No. 05-CV-2131 (KMK), 2006 WL 2597865, at *3 (S.D.N.Y. Sept. 6, 2006); *see also, e.g., Abrams v. Interco Inc.*, 719 F.2d 23 (2d Cir. 1983) (Friendly, J.). Indeed, in 1983 and 1984, two proposed amendments that exempted class actions from Rule 68 were withdrawn in the face of considerable controversy. *See* 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3007 (2d ed. 2002). As a result, in the words of a leading treatise, "the reality is that there presently is no such exception, and Rule 68 offers have been employed in class actions." *Id.* § 3001.1.

It cannot be gainsaid that Rules 68 and 23 do not fit hand in glove. Before *Campbell-Ewald*, some courts feared that even unaccepted offers of complete relief could be used to "pick off" individual plaintiffs and effectively block entire class actions. *See, e.g., McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003); 1 Newberg on Class Actions § 15:36 (4th ed. 2002). And once a class is certified, Rule 68's procedures may not mesh perfectly with Rule 23(e)'s requirement that the Court approve any settlement. *See Gay v. Waiters' & Dairy Lunchmen's Union Local No. 30*, 86 F.R.D. 500, 503 (N.D. Cal. 1980).

Plaintiffs' motion, however, presents an easy case: no motion for certification has been granted or even filed. The individual plaintiffs, and not any as-yet theoretical class, remain the "opposing part[ies]" addressed by Rule 68. Ahmed and Buestan are entitled to receive – and, if they wish, to accept – offers of judgment on their claims for relief. *Cf. Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000).

Accordingly, plaintiffs' motion to strike or declare the Rule 68 offers of judgment to be of "no effect" is denied.

Dated: New York, New York
October 30, 2017

Sidney H. Stein, U.S.D.J.