```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SANWAR AHMED and ANA BUESTAN,
Individually and On Behalf of All Others Similarly
Situated,

                                                Plaintiffs,

- against -

CITY OF NEW YORK; and individually and in their
official capacity as New York City Department of Health
and Mental Hygiene Inspectors JOSEPH PERSAUD and
UKO UTIN and JOHN DOES 1-5.

                                                Defendants.

------------------------------------------------------------------- x

STIPULATION AND
[PROPOSED] PROTECTIVE
ORDER

17 CV 3044 (SHS) (BM)

**WHEREAS,** discovery in, and litigation of, this action may involve requests for the production of information and documents that the producing or responding parties consider to be confidential or personal; and

**WHEREAS,** the parties believe that a protective order restricting the use and dissemination of confidential and personal information and documents is necessary and appropriate to facilitate discovery and litigation in this action;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties to this action, as follows:

1. "Discovery Material," as used herein, shall mean information of any kind provided in the course of discovery in this action, including but not limited to any documents, interrogatory answers, responses to requests for admission, deposition testimony and transcripts,

deposition exhibits, any other discovery conducted in this litigation, and any copies, excerpts, notes, abstracts or summaries thereof.

"Protected Information," as used herein, shall mean any Discovery Material that is designated as "Confidential" pursuant to this Stipulation and Protective Order.

"Producing Party," as used herein, shall mean any person, corporation, agency, governmental subdivision, or any other entity, whether or not a party to this action, who has produced Protected Information.

"Receiving Party," as used herein, shall mean any person, corporation, agency, governmental subdivision, or any other entity, whether or not a party to this action, who has received Protected Information.

2. This Stipulation and Protective Order shall not prejudice the right of any party or non-party to this action to oppose production of any information on the ground of Attorney-Client Privilege, Attorney Work Product Doctrine, or any other privilege or immunity recognized by this Court or the courts of the State of New York, nor shall it be deemed a waiver of any objection to such production.

3. Any Receiving Party shall not disclose Protected Information to anyone else except as expressly permitted hereunder or as provided by such order as may be issued by the Court during the course of this litigation. Protected Information may be used by a Receiving Party only in connection with this proceeding, and not for any other purpose.

4. A Producing Party or the Producing Party's counsel may designate as "Confidential" any Discovery Material, in whole, or in part, that contains, constitutes, or reflects information of a confidential, proprietary, private, or personal nature (including personally identifiable information such as social security numbers, the names of minor children, dates of

birth, financial account numbers, home addresses, drivers' license numbers, medical records, and personnel files of current and former employees of the City of New York).

5. The Producing Party or the Producing Party's counsel may designate the Discovery Material or portion(s) thereof as "Confidential" by placing a legend with the appropriate designation ("Confidential") on each page containing any such Protected Information. With respect to deposition transcripts and exhibits, a party to this Stipulation and Protective Order or that party's counsel may invoke the provisions of this Stipulation and Protective Order. A party to this Stipulation and Protective order or that party's counsel may indicate on the record that a question calls for Protected Information, and shall also have the right, within fifteen days of receiving the transcript of the deposition, to designate or change the confidentiality designation of the transcript or portions thereof by written notice, sent by counsel to all parties to the action. For deposition transcripts containing some Protected Information and some non-Protected Information, the section of the transcript containing Protected Information, together with any exhibits referred to therein, shall be bound in a separate volume and marked "Protected Information Governed by Protective Order" by the reporter. In the event there is a videotaped deposition containing Protected Information, the videocassette, DVD, or other container shall be labeled with the applicable legend.

6. No Receiving Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

(a) the parties to this action, or any director, officer, employee, or contractor of a party to this action;

(b) attorneys at those law firms appearing as counsel of record for the parties who are involved in the prosecution or defense of the claims advanced in this action, as well as

those parties' in-house or corporation counsel, and any contract attorney, law clerk, paralegal, administrative, secretarial, and clerical personnel working with counsel on this matter;

(c) any outside photocopying, document storage, data processing or graphic production services employed or retained by persons identified in subparagraph (b);

(d) any person noticed for deposition or designated as a trial witness in this action;

(e) any person retained by any party to this action to serve as an independent expert witness, consultant, or investigator or to otherwise provide specialized advice to counsel in connection with this action, provided such person is not directly associated with a party to this action and has first executed an Acknowledgment in the form annexed as an exhibit hereto;

(f) stenographers engaged to transcribe and videographers engaged to record depositions conducted in this action; and

(g) the Court, the Court's support personnel, jurors, and alternate jurors.

7. Prior to disclosure of any Protected Information to any person referred to in subparagraphs 7(d) and (e) above, such person(s) shall be provided by counsel with a copy of this Stipulation and Protective Order and shall sign an Acknowledgment in the form annexed as an exhibit hereto stating that that person has read this Stipulation and Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Acknowledgment, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. All Protected Information filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Information, shall be redacted or filed under seal with the Clerk of the Court in accordance with the Electronic Case

4

Filing Rules & Instructions of the United States District Court for the Southern District of New York and the Court's Individual Rules & Practices in Civil Cases relating to Redactions and Filing Under Seal. The parties to this Stipulation and Protective Order will use their best efforts to minimize such sealing. In the event that any Protected Information is used in the action, the parties to this Stipulation and Protective Order agree that the Protected Information shall not lose its "Confidential" status through such use, and shall take all reasonable steps to protect its confidential status.

9. If, at any time, a Producing Party realizes that some portion(s) of Discovery Material that such Producing Party previously produced without limitation should be designated as Protected Information, such Producing Party may so designate by apprising all parties to the action in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Protected Information under the terms of this Stipulation and Protective Order.

10. Any Receiving Party who objects to any designation of Protected Information may serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If agreement cannot be reached, the parties to the action shall then follow the Court's Individual Rules & Practices in Civil Cases regarding resolution of discovery disputes. In such a situation, the party seeking to designate a document or portion(s) thereof as Confidential shall have the burden of proving that the information or material in question is within the scope of protection afforded by the Federal Rules of Civil Procedure, otherwise applicable New York or federal law and/or that the document or portion(s) thereof merits the protection afforded by the Confidential designation.

11. Discovery Material that has been designated as Protected Information must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures

that access is limited to the person(s) authorized under this Stipulation and Protective Order. Notwithstanding any provision in this Order to the contrary, the restrictions set forth in this Stipulation and Protective Order shall not apply to limit a Producing Party's use of information it has designated as Protected Information. In order to ensure that access to Discovery Material identified as Protected Information is limited to the persons authorized under this Stipulation and Protective Order, any documents being produced with a load file by the Producing Party must specifically identify in the load file's metadata which electronically stored information is being designated as Protected Information.

12. In the event that a Receiving Party is served with a subpoena, discovery request, or order by any person, corporation or other entity that is not a party to this action or not otherwise governed by this Stipulation and Protective Order that seeks to compel the production of Protected Information, the Receiving Party shall give written notice to the Producing Party within seven days of receiving such subpoena, discovery request or order.

13. In the event that a Receiving Party determines in good faith that it is required by applicable law, legal process or regulation to disclose Protected Information, the Receiving Party shall give written notice to the Producing Party at least twenty days before producing or disclosing the Protected Information.

14. If, after receiving written notice pursuant to paragraphs 12 or 13 above, the Producing Party files a motion to quash or for a protective order before the requested date of production or anticipated date of disclosure, then the Receiving Party shall not produce such Protected Information until after the Court rules on the Producing Party's motion. If no such motion is filed, or if the Court denies such a motion, the Receiving Party may comply with the subpoena, discovery request, order, applicable law, legal process or regulation without being

deemed to have violated this Stipulation and Protective Order. The burden of opposing the enforcement of the subpoena, discovery request, order, applicable law, legal process or regulation shall fall solely upon the Producing Party.

15. This Stipulation and Protective Order shall apply to any non-party who provides discovery in this litigation (*e.g.*, a third-party who provides documents or testimony pursuant to a subpoena, or voluntarily), if that non-party agrees to be bound by the provisions of this Stipulation and Protective Order by executing an Acknowledgment in the form attached as an exhibit hereto.

16. In the event that Protected Information is disclosed during a deposition, the Parties shall exclude from attendance at the deposition any person not entitled to receive such information. Any person so excluded shall be excluded only during that portion of the deposition during which Protected Information is disclosed.

17. This Stipulation and Protective Order shall not prejudice the rights of any party to use Discovery Material designated as "Confidential" to identify potential class members, or allow any party to designate Discovery Material as "Confidential" to hinder or prevent the identification of potential class members.

18. This Stipulation and Protective Order does not govern the treatment of Protected Information at trial. The Producing Parties shall address the treatment of Protected Information at trial with the Court at the appropriate juncture. All Producing Parties reserve all of their respective rights with respect to the treatment of Protected Information at trial.

19. This Stipulation and Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including any appeals, all

Discovery Material designated as "Confidential," and all copies thereof shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed.

20.  This Stipulation and Protective Order shall not prejudice the rights of any party or non-party to this action to: (a) object to the production of documents or information it considers to be outside the scope of discovery or (b) object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order.

21.  This Stipulation and Protective Order may be modified only in writing by the parties and approved by an order of the Court, or by motion to the Court.

22.  The invalidity or unenforceability of any provision of this Stipulation and Protective Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

23.  This Stipulation and Protective Order constitutes the parties' entire agreement on this matter and supersedes all prior and contemporaneous negotiations or agreements.

24.  Counsel for the parties have reviewed this Stipulation and Protective Order, and any rule of construction, by which ambiguities are to be resolved against the drafting party, shall not be applied to the interpretation of this Stipulation and Protective Order.

Dated: New York, New York
       November 22, 2017

BROWN RUDNICK
Attorneys for Plaintiffs

By: _____
Daniel L. Day, Esq.
Seven Times Square
New York, New York 10036

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants

By: _____
Nicholas R. Ciappetta, Esq.
100 Church Street
New York, New York 10007

*This protective order may be amended for good cause.*

SO ORDERED: 11/27/17

_____
Honorable Sidney H. Stein
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SANWAR AHMED and ANA BUESTAN,
Individually and On Behalf of All Others Similarly
Situated,

                                                        Plaintiffs,

                        - against -

CITY OF NEW YORK; and individually and in their
official capacity as New York City Department of Health
and Mental Hygiene Inspectors JOSEPH PERSAUD and
UKO UTIN and JOHN DOES 1-5.

                                                 Defendants.

------------------------------------------------------------------ x

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

17 CV 3044 (SHS) (BM)

## ACKNOWLEDGMENT REGARDING "CONFIDENTIAL" MATERIALS

I _____ have read and understand the Stipulation and Protective Order entered by the parties and the Court in this case and agree to be bound by the provisions of the Stipulation and Protective Order. I agree to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to performance under, compliance with or violation of the Stipulation and Protective Order.

_____

Dated:

10