UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANWAR AHMED, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>CITY OF NEW YORK,<br><br>     Defendant. | Case Number: 17 CV 3044 (SHS)(BCM) |

# DECLARATION OF DANIEL L. DAY

Pursuant to 28 U.S.C. § 1746, I, Daniel L. Day, do hereby declare, under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief:

1. I am an attorney at the law firm Brown Rudnick LLP, counsel for Sanwar Ahmed and seeking appointment by the Court as Class Counsel in this action. The other organization seeking appointment as Class Counsel is the Urban Justice Center.

2. I submit this declaration in support of the Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Class Notice.

3. Plaintiffs' Counsel filed this putative class action on April 26, 2017, against the City of New York (the "City"), Joseph Persaud, Uko Utin, and John Does 1-5 on behalf of Sanwar Ahmed and Ana Buestan on behalf of themselves and all others similarly situated, alleging that Defendants seized unpermitted mobile food-vending equipment from licensed and unlicensed mobile food vendors without providing property vouchers to enable retrieval of the seized

1

property, contrary to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

4. Brown Rudnick LLP is an international law firm with over half a century of experience handling complex and challenging cases in a broad range of substantive areas of the law; it is nationally and internationally recognized for its litigation expertise. In particular, Brown Rudnick LLP's extensive experience litigating class actions and designing effective compliance programs was critical in reaching a settlement in this matter and ensuring that the resulting agreement was structured to provide the most effective relief possible for the class.

5. Together, Plaintiffs' Counsel have substantial experience prosecuting and settling civil rights class actions, and the lawyers assigned to this matter are well versed in class action practice and are well qualified to represent the class.

6. The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on August 16, 2017 (Plaintiffs) and August 17, 2017 (Defendants).

7. From September 18, 2017 through December 5, 2018, the parties exchanged discovery and conducted settlement negotiations by telephone and in person.

8. Over the course of fifteen months, the parties participated in extensive negotiations regarding the scope of discovery and settlement. The parties met for lengthy in-person negotiation sessions on three occasions, and also conducted additional negotiations by telephone. On December 5, 2018, the Parties agreed in principle to the settlement terms.

9. Plaintiffs' and Defendants' Counsel expended considerable time and effort and engaged in intensive negotiations to successfully settle (subject to the Court's approval) the issues at stake in this action, pursuant to a Stipulation of Settlement ("Settlement Agreement"), a copy of which is attached as Exhibit 1 hereto.

10. Over the course of the negotiations, the parties engaged in hours long in person meetings on October 31, 2017, January 29, 2018, and September 20, 2018. During the course of the negotiations, the parties also spoke several times by telephone regarding settlement. As part of the settlement negotiations, the parties exchanged substantial document discovery. During discovery, Defense Counsel provided key documents to Plaintiffs' Counsel for review in aid of class discovery, including: City of New York Department of Health and Mental Hygiene ("DOHMH") Inspection Reports; New York City Sanitation Department ("DSNY") Vendor Enforcement Program Questionnaires; City of New York Police Department ("NYPD") Property Invoices; and NYPD Patrol Guide Procedures. All of these documents—approximately 14,000—were carefully reviewed by Plaintiffs' Counsel and informed the settlement process.

11. Detailed drafts of the operative provisions of a proposed settlement agreement were exchanged, vigorously debated and negotiated, and ultimately finalized. The parties provided the Court with periodic updates on the status of the discovery and settlement process by letters dated, May 25, 2017, February 23, 2018, April 6, 2018, June 1, 2018, August 30, 2018, and November 14, 2018. As advised in the Joint Status Report to the Court on December 7, 2018, these extensive settlement negotiations resulted in the Stipulation of Settlement entered into between the Plaintiffs and Defendant on February 11, 2019.

12. On March 6, 2019, the Court held a status conference and provided revisions to the February 11, 2019 Stipulation of Settlement and other papers to be given to class members.

13. Pursuant to the March 6, 2019 status conference, on March 14, 2019, the Plaintiffs and Defendant entered into a Stipulation of Dismissal with Prejudice and to Amend Caption dismissing with prejudice any and all claims by Plaintiff Ana Buestan pursuant to a separate

settlement agreement and any and all claims against Defendants Joseph Persaud, Uko Utin, and John Does 1-5.

14. On March 25, 2019, the Plaintiff Sanwar Ahmed and Defendant City of New York entered into a Stipulation of Settlement (the "Settlement Agreement").

15. Having consulted with fellow Plaintiffs' Counsel, I can advise the Court that our unanimous view is that the Settlement Agreement is a very favorable resolution of the class claims in this action.

16. I respectfully refer the Court to the accompanying Plaintiffs' Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Class Notice (the "Brief") for a discussion of why the Settlement Agreement is procedurally and substantively fair, and should be approved by the Court. As discussed in greater detail therein, and as the discussion herein also confirms, the Settlement Agreement was the result of a hard-fought negotiation in which the Plaintiff Sanwar Ahmed was frequently and thoroughly consulted—by in-person conferences—concerning various issues.

17. Moreover, during the settlement negotiation process, Plaintiffs' Counsel conducted independent research and interviewed potential class members and those in the mobile food vendor community to approximate the value of the various properties taken by the City and destroyed without due process. Plaintiffs' Counsel found that the property loss for each potential class member varies based on the food that the potential class member sells, the unit by which they sell their food, and other miscellaneous property required to make the food they sell. Moreover, because the property at issue is often homemade and made of various, separate

components, documentary evidence demonstrating the value of the property is difficult to obtain and/or scarce. Thus, Plaintiffs' Counsel organized the types of mobile food-vending equipment removed by the City without due process into five categories and estimated the value of the property of each category based on discovery review, interviews of those in the community, and independent due diligence. These five categories of mobile food-vending equipment and estimated value ranged from $2,200 for elaborate homemade carts to $100 for miscellaneous non-cart property. Plaintiffs' Counsel then calculated the approximate percentage of potential class members that used that type of property based on the total size of the estimated class from document discovery. This ensured that the negotiated damages figure was based on the average estimated value based on documentary evidence, and the expertise and experience of those in the mobile food vending community.

18. As discussed in the Brief, the Settlement Agreement avoids the extensive additional proceedings that continuing this action would have necessitated. Such proceedings would have involved witness depositions (party and non-party); e-discovery review, and likely summary judgment motions; and, if summary judgment were denied, extensive trial preparation, and a trial. The Settlement Agreement avoids any risks that the class would have faced at trial or on appeal, avoids any risk that the comprehensive changes to which the City has now agreed might not have been imposed by the Court on account of objections by the City, and embodies the remedy that the City agrees is appropriate and manageable.

19. I respectfully submit that the Settlement Agreement is procedurally and substantively fair, and merits preliminary (and ultimately final) approval by the Court. The parties have agreed on the content of the proposed notice to be given to the class ("Summary Class Notice"), which has also been shortened into a more reasonable format for publication purposes ("Publication

Notice"). A copy of the Summary Class Notice is attached as Exhibit A to the Settlement Agreement, and a copy of the Publication Notice is attached to this declaration as Exhibit 2. Also, the parties have agreed upon a cover sheet that will be included with the Summary Class Notice and Claim Form ("Summary Class Notice Cover Sheet") with simple explanatory language about the settlement. The Summary Class Notice Cover Sheet is attached to this declaration as Exhibit 3. Once approved, these documents will be translated into and distributed or published in English, Spanish, Arabic, Bengali, and Chinese.

20. The Parties also have agreed upon the method for the Summary Class Notice to be distributed to the class, which is both reasonable and adequate, and is fully outlined in the Settlement Agreement.

21. For the Court's convenience, a proposed Order is attached to the Settlement Agreement as Exhibit B. It contains provisions preliminarily approving the proposed Class Settlement agreed to and executed by the parties, preliminarily certifying the class, preliminarily appointing Class Counsel, and approving the content and method of distribution of the proposed Summary Class Notice of the proposed Settlement Agreement to be given to class members.

Executed on March 25, 2019

        /s/ *Daniel L. Day*
        Daniel L. Day
        Brown Rudnick LLP
        Seven Times Square
        New York, NY 10036
        Tel: (212) 209-4978
        Fax: (212) 937-2882
        dday@brownrudnick.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2019, the foregoing Declaration of Daniel L. Day was filed with the Clerk of the U.S. District Court for the Southern District of New York by using the CM/ECF system. All participants registered through the Court's electronic filing system will be served by the CM/ECF system as required to be served by Federal Rule of Civil Procedure 5(a).

Dated:    March 25, 2019
             New York, New York

                                          /s/ *Daniel L. Day*
                                          Daniel L. Day
                                          Brown Rudnick LLP
                                          Seven Times Square
                                          New York, NY 10036
                                          Tel: (212) 209-4978
                                          Fax: (212) 937-2882
                                          dday@brownrudnick.com