**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANWAR AHMED, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiffs,<br><br>          v.<br><br>CITY OF NEW YORK,<br><br>                  Defendant. | Case Number: 17 CV 3044 (SHS)(BCM) |

## STIPULATION OF SETTLEMENT (SUBJECT TO COURT APPROVAL)

This Stipulation of Settlement is entered into between the City of New York (the "City" or "Defendant") and Plaintiff Sanwar Ahmed (the "Named Plaintiff"), on behalf of himself and all others similarly situated (the "Plaintiffs").

**WHEREAS**, on April 26, 2017, in an action now entitled *Ahmed v. City of New York*, No. 17-cv-03044 (SHS)(BCM), Plaintiffs brought this putative class action under 42 U.S.C. §§ 1983 and 1988, on behalf of themselves and all others similarly situated, alleging that Defendant seized unpermitted mobile food-vending equipment from licensed and unlicensed mobile food vendors without providing property vouchers to enable retrieval of the seized property, contrary to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York;

**WHEREAS**, Defendant filed an answer to the Complaint on July 31, 2017, contending that Plaintiffs failed to state a claim under federal or state law, and further that Defendant did not violate any rights, privileges, or immunities under the Constitution or under federal or state law. Also, Defendant contended that the actions of the health inspectors or police officers involved were reasonable, and that any actions taken by Inspector Persaud and Inspector Utin with respect

to Plaintiffs did not violate any clearly established rights or laws of which a reasonable person would have known at the time and under the circumstances that the actions were taken, and that Inspector Persaud and Inspector Utin were immune from liability under the doctrine of qualified immunity. Finally, Defendant contended that Plaintiffs could not obtain punitive damages against the City of New York;

**WHEREAS**, Defendant filed an amended answer on August 18, 2017, adding that Plaintiffs were barred from obtaining relief for their claims of conversion, negligence, and gross negligence as they failed to file a Notice of Claim with the Office of the New York City Comptroller;

**WHEREAS**, on March 14, 2019, the Plaintiffs and Defendant entered into a Stipulation of Dismissal with Prejudice and to Amend Caption dismissing with prejudice any and all claims by Plaintiff Ana Buestan pursuant to a separate settlement agreement and any and all claims against Defendants Joseph Persaud, Uko Utin, and John Does 1-5.

**WHEREAS**, Named Plaintiff Sanwar Ahmed and Defendant City of New York (hereinafter "the Parties"), seeking to avoid potentially protracted, expensive, and unnecessary litigation, agree to the entry of a final judgment reflecting this Stipulation of Settlement to resolve the claims for equitable relief and individual claims for damages for Named Plaintiff that were raised in Plaintiffs' April 26, 2017 Complaint.

**NOW, THEREFORE**, with the agreement of all Parties, it is hereby **AGREED** as follows:

I.   **Introduction**

   A. The Parties enter into this Stipulation of Settlement ("Stipulation") for the purpose of avoiding the burdens of further litigation.

2

B. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 as a case arising under the laws of the United States, 28 U.S.C. § 1343(a) for actions under laws providing for the protection of civil rights, and 28 U.S.C. § 1367 for supplemental jurisdiction. Venue in the United States District Court for the Southern District of New York is proper under 28 U.S.C. § 1391(b) because the Defendant resides in this district.

C. Nothing contained herein shall be deemed to be an admission by the City of New York or any agents of the City of New York that they have acted unlawfully or in any way violated any of Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations, or bylaws of any department or subdivision of the City of New York.

D. This Stipulation shall not be admissible in, nor is related to, any other litigation or settlement negotiations except with regards to the separate settlement agreement between the City of New York and Ana Buestan.

E. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

F. This Stipulation does not constitute an admission, adjudication, or finding on the merits of any of the claims asserted in the action.

## II. **Definitions**

1. "Claimant" means a Class Member who has submitted a Claim Form for review by the Claims Administrator.

2. The "Claims Administrator" means the Urban Justice Center.

3. The "Claim Form" means the form attached hereto as Exhibit D.

4.  The "Class" or "Class Member(s)" or "Settlement Class" means the persons identified in Section III of this Stipulation.

5.  "Class Counsel" or "Plaintiffs' Counsel" means the Urban Justice Center and Brown Rudnick LLP.

6.  The "Court" or "District Court" means the United States District Court for the Southern District of New York.

7.  "Defendant's Counsel" means Corporation Counsel of City of New York.

8.  "DOHMH" means the City of New York Department of Health and Mental Hygiene and any of its current or former employees, supervisors, managers, directors, deputies, chiefs, and commissioners.

9.  "DSNY" means the New York City Sanitation Department and any of its current or former employees, supervisors, managers, directors, deputies, chiefs, and commissioners.

10. "Effective Date" is the date identified in Section VI of this Stipulation.

11. "Fairness Hearing" means the hearing set by the District Court for determining whether the terms of the Stipulation are fair, reasonable, and adequate to the Class.

12. "Final District Court Approval" means the date on which the District Court grants final approval of this Stipulation, following notice to the Class and the Fairness Hearing.

13. "Named Plaintiff" means Sanwar Ahmed.

14. "NYPD" means the New York City Police Department and any of its current or former employees, supervisors, managers, directors, deputies, chiefs, and commissioners.

15. "Order Approving Settlement and Final Judgment" means the proposed order and separate final judgment that the Parties will seek from the District Court.

16. "<u>Preliminary District Court Approval</u>" means the date on which the District Court grants preliminary approval of the Stipulation prior to notice to the Class and the Fairness Hearing.

17. "<u>Preliminary Approval Date</u>" means the date of entry of the Preliminary Approval Order.

18. "<u>Preliminary Approval Order</u>" means the Proposed Order Preliminarily Approving Settlement and Providing for Notice that the Parties will move the District Court to enter, substantially in the form attached as Exhibit B.

19. "<u>Staff Members</u>" refers to both DOHMH's employees and the employees of its contractors, including individuals who work in the capacity of an independent contractor, whose job duties regularly require them to interact with mobile food vendors.

20. "<u>Released Persons</u>" is defined in Paragraph 47 below.

21. "<u>Summary Class Notice</u>" means the notice to Class Members as described in Section VII of this Stipulation and substantially in the form attached as Exhibit A, providing a summary of this Stipulation in a form approved by the Court, in the following languages: English, Spanish, Arabic, Bengali, and Chinese.

22. "<u>Top Five Languages</u>" refers to the five languages that Plaintiffs' Counsel has determined are most frequently used by mobile food vendors. As of the Effective Date of this Stipulation, the Top Five Languages are English, Spanish, Arabic, Bengali, and Chinese. If Plaintiffs' Counsel determines that the five most frequently used languages are different than those identified above, the Top Five Languages shall refer to the updated list.

## III.   <u>Definition Of The Class</u>

23. The Class shall be defined as all licensed or unlicensed New York City mobile food vendors who, in the three years preceding the filing of this lawsuit through and including the Preliminary Approval Date, were issued a summons during the relevant time period and have

had their nonperishable unpermitted vending equipment seized by the City of New York without the City providing a voucher to enable retrieval of the seized property.

## IV.  Certification Of The Class

24. The Parties agree that Plaintiffs shall seek certification from the Court of an opt-out class under Federal Rules of Civil Procedure 23(b)(3). Defendant consents to certification of a Rule 23(b)(3) class as defined in Paragraph 23.

## V.  Equitable Relief

25. The DOHMH, DSNY, and NYPD shall continue to train all officers, employees, and agents on how to properly document and notice property seized from mobile food vendors.

26. Within thirty (30) days from the Effective Date of this Stipulation, Plaintiffs' Counsel will provide Defendant's Counsel with suggested training materials regarding how to properly document and notice property seized from mobile food vendors. DOHMH will consider in good faith incorporating Plaintiffs' Counsel's suggested training materials.

27. Within sixty (60) days from the Effective Date of this Stipulation, DOHMH shall conduct one additional training session on how to properly document and notice property seized from mobile food vendors. When applicable, new Staff Members shall be trained in due course after hire.

28. DOHMH shall, in accordance with standard document retention protocols, maintain records reflecting that relevant Staff Members have received training.

## VI.  Effective Date

29.  The Effective Date shall occur on the date of Final District Court Approval.

VII.   **Notice To The Class**

30. The Summary Class Notice will inform Class Members of the relief they will receive under the Stipulation, if approved. The Summary Class Notice will also include the following:

    a.   a short, plain statement of the background of the case, the Class to be certified for settlement purposes, and the nature of the proposed settlement relief;

    b.   a statement that any final class certification and relief to Class Members are contingent on the District Court's Final Approval of the proposed Stipulation;

    c.   a statement that Plaintiffs' Counsel will seek reasonable attorneys' fees and expenses for Class Counsel; the City reserves its right to oppose the amounts of such application, however, the City agrees that fees are to be paid in an amount either to be agreed upon or determined by the Court if the Parties cannot agree; and

    d.   information about where Class Members can find further information about the proposed settlement, including a full copy of this Stipulation.

31. The Summary Class Notice will conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Local Rules of the District Court, and will otherwise be in the manner and form agreed upon by the Parties and approved by the District Court.

32. The form of the Summary Class Notice agreed upon by the Parties is attached as Exhibit A in English. Plaintiffs' Counsel or their agents will translate this form of Summary Class Notice into Spanish, Arabic, Bengali, and Chinese.

33. The Summary Class Notice will also inform Class Members of their rights to object as follows:

a.  that any Class Members may, if they desire, object to the proposed settlement. Such objections shall either be in writing pursuant to instructions below or in person at the Fairness Hearing also described below;

b.  that any Class Member may appear at the Fairness Hearing to object to the proposed Settlement either personally or through counsel; and

c.  that any judgment entered in this action, whether favorable or unfavorable to the Class, will include and be binding on all Class Members, even if they have objected to the proposed settlement.

34. Within seven (7) days of Preliminary District Court Approval, Plaintiffs' Counsel will provide Defendant's Counsel with a list of names of identified class members and license numbers where applicable.

35. Should any potential Class Member not included in the aforementioned list of identified Class Members seek to make a claim under this Stipulation, Plaintiffs' Counsel shall present such claim to Defendant's Counsel. Defendant's Counsel will review that claim and either process for payment or advise Plaintiff's Counsel of any objections. If the Parties cannot resolve any such disputes, they will submit the matter to the Court for resolution.

36. Within thirty (30) days of the receipt of the list of names and license numbers of identified license-holding Class Members, Defendant's Counsel will use best efforts to provide Plaintiffs' Counsel with the last known addresses, phone numbers, and email addresses of identified license-holding Class Members. Defendant's Counsel will provide a list of any Class Members for whom the last known address, phone number, or email address is unavailable.

37. The Claims Administrator shall use best efforts to identify an address, phone number, or email address for all Class Members. Within twenty-one (21) days of receipt from Defendant's

8

Counsel of the name and license numbers of identified license-holding Class Members, the Claims Administrator shall provide the Summary Class Notice and a Claim Form (in the form attached hereto as Exhibit D or in such other form as may be approved by the Court) to Class Members via first-class mail and, where available, by email.

38. If envelopes from the mailing of the Summary Class Notice and Claim Form are returned with forwarding addresses, the Claims Administrator will re-mail the Summary Class Notice and Claim Form to the new address within two weeks of receiving the returned envelope. In the event that a Summary Class Notice and Claim Form are returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, and the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Summary Class Notice and Claim Form within two weeks of receiving the newly ascertained address; if no updated address is obtained for that Class Member, the Summary Class Notice and Claim Form shall be sent again to the Class Member's last known address. With respect to envelopes marked "Return to Sender," the Claims Administrator will also call any identified last-known telephone numbers (and telephone numbers updated through public and proprietary databases) of Class Members for the purpose of obtaining the Class Members' current addresses.

39. Within twenty-one (21) days of the Preliminary Approval Order, the Claims Administrator shall conspicuously post the Summary Class Notice in the Top Five Languages in the following locations:

    a.   its website at www.streetvendor.org;

    b.   the Street Vendor Project Facebook page; and

    c.  the Street Vendor Project office.

40. Following Preliminary District Court Approval, the Claims Administrator shall also:

    a.  perform street outreach in target neighborhoods known to have a high amount of vending activity and potential Class Members, including: Jackson Heights and Corona, Queens; Flatbush and Sunset Park, Brooklyn; and Washington Heights, Manhattan;

    b.  make announcements at the Street Vendor Project's monthly meetings; and

    c.  request allied organizations in targeted neighborhoods to post the Summary Class Notice, including: Desis Rising Up & Moving (DRUM), Equality For Flatbush, and Make The Road New York.

41. The Parties agree to work in good faith to negotiate a short-form version of the Summary Class Notice for purposes of publication in newspapers and periodicals (the "Publication Notice"). No later than twenty-one (21) days after Preliminary District Court Approval, Plaintiffs' Counsel shall cause the Publication Notice to be published in the following publications and in the following languages:

    a.  Queens Chronicle (English);

    b.  Manhattan Times (English and Spanish);

    c.  Brooklyn Reporter (English);

    d.  Thikana (English and Bengali); and

    e.  Bronx Free Press (English and Spanish).

42. Costs of publication and translation of the Summary Class Notice, including the Publication Notice, shall be borne by Plaintiffs' Counsel, subject to Section XII.

## VIII.     Objections To Settlement

43. Class Member objections to this Stipulation and Preliminary Approval Order may be in writing or raised at the Fairness Hearing.

44. Objections in writing must be filed with the Court in the objector's preferred language, with copies served on Plaintiffs' Counsel and Defendant's Counsel, within sixty (60) calendar days after the Summary Class Notice is mailed by the Claims Administrator, or within such other time period, or pursuant to such other procedures, as may be set by the Court. The written statement of objection must set forth the case name and number, Class Member's name, address, telephone number, and a statement of whether the Class Member or his or her lawyer will ask to appear at the Fairness Hearing.

45. Any Class Member may appear at the Fairness Hearing, either in person or through private counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Stipulation whether or not they have previously filed a written objection.

46. Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Stipulation and Preliminary Approval Order. Only Class Members who have not chosen to exclude themselves from the Class pursuant to Paragraphs 61 to 63 herein shall be entitled to object to this Stipulation and Preliminary Approval Order.

## IX.     Release

47. The Stipulation resolves in full any and all claims or rights of action that exist as of and subject to Final District Court Approval against the City of New York and their predecessors, successors, or assignees together with past, present, and future officials, employees, representatives, and agents of the City of New York and any of its past or present affiliates or

subsidiaries now or as they and/or their successors may be constituted in the future, including but not limited to DOHMH, NYPD, and DSNY (the "Released Persons"), by Class Members (other than the Named Plaintiff) contained in or arising from the Complaint in this action, and any other claims or rights of action that Class Members (other than the Named Plaintiff) may have based upon or arising from the seizure of nonperishable unpermitted vending equipment that could have been raised at this time in this action and for which the Named Plaintiff had standing to raise when filing the Complaint. As of and subject to Final District Court Approval, Class Members hereby release and waive any and all claims and rights of action that exist as of the Effective Date to pursue, initiate, or prosecute any and all causes of action, claims, awards, equitable relief, legal and administrative relief, interest, demands, or rights before any court, administrative agency, or other tribunal, or to file any complaint with regard to acts of commission or omission by the Released Persons related to, connected with, arising out of, or based upon, the allegations contained in, or arising from, the Complaint in this action for which the Named Plaintiff had standing to raise when filing the Complaint. Class Members shall execute a Release, in the form of Exhibit C, releasing and waiving their claims as set forth therein. This release does not prevent Plaintiffs' Counsel from enforcing the terms of this Stipulation pursuant to Section XI.

48. The Stipulation resolves in full any and all claims or rights of action that exist as of the date of, and subject to, Final District Court Approval by the Named Plaintiff against the Released Persons, contained in or arising from the Complaint in this action, and any other claims or rights of action that the Named Plaintiff may have based upon or arising from the seizure of nonperishable unpermitted vending equipment that could have been raised during the relevant times in this action and for which the Named Plaintiff had standing to raise when filing the

Complaint. As of and subject to the date of Final District Court Approval the Named Plaintiff hereby releases and waives any and all claims and rights of action that exist as of the Effective Date to pursue, initiate, or prosecute any and all causes of action, claims, awards, equitable relief, legal and administrative relief, interest, demands, or rights, before any court, administrative agency, or other tribunal, or to file any complaint with regard to acts of commission or omission by the Released Persons related to, connected with, arising out of, or based upon, the allegations contained in, or arising from, the Complaint in this action for which the Named Plaintiff had standing to raise when filing the Complaint. The Named Plaintiff shall execute a Release, in the form of Exhibit C, releasing and waiving his claims as set forth therein. This release does not prevent Class Counsel from enforcing the terms of this Stipulation pursuant to Section XI.

### X.   Claims Process and Individual Settlement Payments to Named Plaintiff And Class Members

A. Individual Settlement Payments

49. The City has agreed to pay a total of $188,531.00 in settlement to Class Members and the Named Plaintiff for individual damages claims and the Named Plaintiff's incentive award (the "Settlement Fund"). Such payment shall be delivered to the Claims Administrator within ninety (90) days of Final District Court Approval for distribution to Named Plaintiff and Class Members, with checks payable to "Urban Justice Center as Claims Administrator."

B. Claims Administrator's Duties

50. As further described herein, the Claims Administrator shall:

   a.   (1) transmit the Summary Class Notice and Claim Forms to Class Members;

13

b. (2) establish a website and phone number where information about the Settlement will be available to Class Members and where Class Members can ask and receive responses to questions;

c. (3) publish notice in the publications;

d. (4) respond to questions from Class Members;

e. (5) review and assess the validity of Claims submitted by Class Members;

f. (6) arrange for and distribute checks to Class Members;

g. (7) arrange for and distribute checks to the Named Plaintiff;

h. (8) create a database of Class Members who have filed timely and valid claims;

i. (9) create a database of Class Members who have opted-out;

j. (10) provide Class Counsel and Defendant's Counsel with monthly bills and a final accounting; and

k. (11) perform any other duties necessary to fulfill the foregoing responsibilities and any other responsibilities set forth in this Stipulation and Preliminary Approval Order.

C. <u>Payment to Named Plaintiff</u>

51. The Claims Administrator will distribute from the Settlement Fund $2,501.00 to Named Plaintiff Sanwar Ahmed. This payment is in full satisfaction of Named Plaintiff Sanwar Ahmed's individual damages claims and incentive award.

52. The Parties agree that Named Plaintiff Sanwar Ahmed will sign and execute a summary Stipulation of Settlement and Order of Dismissal and a General Release. The failure of Named Plaintiff Sanwar Ahmed to execute any of the aforementioned documents will result in non-payment of the individual damages claim and incentive award to Named Plaintiff Sanwar

Ahmed, but will not otherwise affect the operation of this Stipulation or the rights of any other Class Member.

D.  Submission of Claim Forms After Final Approval

53. All Class Members seeking payment pursuant to the settlement must make such a claim in writing using the Claim Form in the form attached as Exhibit D or such other form as may be approved by the Court. All Claim Forms must be signed by the Claimant. All Claim Forms must be mailed to the Claims Administrator and postmarked by the claim filing deadline set by the Court and to be set forth in the Summary Class Notice and Claim Form in order to be considered timely. In order for a Claim Form to be considered complete, all questions must be answered and all applicable blanks filled in in a manner legible to the Claims Administrator. Failure to file a timely and complete Claim Form by the deadline for submission of all Claim Forms, if not corrected within the remedial period set forth in Paragraph 55 below, shall bar the Class Member from receiving payment for which a completed Claim Form has not been timely submitted.

54. Class Members who file a Claim Form must notify the Claims Administrator of any change of address. The Claims Administrator shall be available through an email and a phone number to respond to requests from Class Members for assistance in completing and filing Claim Forms.

55. No untimely filed and/or incomplete Claim Forms may be accepted by the Claims Administrator, except: (1) the Claims Administrator may extend the deadline for receipt of Claim Forms by up to ten (10) additional calendar days (but no more) where error or delay by United States Postal Service is established; and/or (2) the Claims Administrator may provide a one-time extension of the deadline for receipt of Claim Forms of up to thirty (30) additional calendar days upon good cause shown.

56. The Claims Administrator will distribute from the Settlement Fund $585.00 to each Class Member who files a Claim Form and submits all required paperwork within twelve (12) months after Final District Court Approval.

57. Twelve (12) months after Final District Court Approval, the Claims Administrator shall provide to Defendant's Counsel an accounting listing all funds paid out and each payee. Any Settlement Funds that have not been claimed and distributed to Class Members within these twelve (12) months may be distributed pro rata, within thirty (30) days after the expiration of the twelve (12) month period, to Class Members who have made a claim and submitted all required paperwork in an amount up to an additional $415.00 dollars (total not to exceed $1,000.00 per Class Member) (the "Supplemental Distribution").

58. If after the Supplemental Distribution there are any remaining Settlement Funds, Counsel for both Parties will negotiate in good faith in an effort to agree upon distribution of the remaining Settlement Funds.

59. Within thirty (30) days of either: (a) an agreement on the distribution of the remaining Settlement Funds; or (b) a determination that counsel for both Parties cannot agree on distribution of the remaining Settlement Funds despite good faith negotiations, Plaintiffs' Counsel will submit an application to the District Court for approval of distribution of the remaining Settlement Funds. Should there be no agreement, Defendant's Counsel will have thirty (30) days from the date of Plaintiffs' Counsel's submission of claims to the District Court in which to submit an objection and proposal for alternative distribution of the remaining Settlement Funds.

60. Notwithstanding the foregoing, no Class Member shall be entitled to any payment unless the Class Member signs and executes a summary of the Stipulation of Settlement and Order of

Dismissal, a General Release, and an Affidavit of No Liens. The failure of a Class Member to execute any of the aforementioned documents will result in non-payment of damages to that Class Member, but will not otherwise affect the operation of this Stipulation or the rights of any other Named Plaintiff or Class Member.

E. Exclusions

61. Class Members may exclude themselves, or opt-out, of the Settlement. Any Class Member who wants to opt-out of the Settlement must file a timely request with Class Counsel for exclusion within sixty (60) calendar days after the Summary Class Notice is mailed by the Claims Administrator, or within such other time period, or pursuant to such other procedures as may be set by the Court, pursuant to the provisions described in the Summary Class Notice or pursuant to such other requirements as may be set by the Court. Such written request for exclusion must contain the name, address, and telephone number of the person requesting exclusion, or such other information as may be required by the Court. The exclusion request must be personally signed by the Class Member. No exclusion request may be made on behalf of a group of Class Members unless permitted by the Court. Unless otherwise determined by the Court, the postmark date of the mailing envelope shall be used to determine whether a request mailed for exclusion has been timely submitted. Any Class Member who timely submits such a request for exclusion shall be barred from participation in the Settlement, shall not receive any portion of the Settlement Fund, and shall not be entitled to object to the Stipulation and Preliminary Approval Order. The Claims Administrator on a weekly basis shall provide Class Counsel and Defendant's Counsel with a copy of all requests for exclusion that are received.

62. Class Counsel shall file with the Court all timely requests for exclusion.

63. Any Class Member who does not timely file a request to opt-out of the Settlement may be deemed part of the Settlement and be bound by this Stipulation and all subsequent proceedings, orders, and judgments herein.

**XI.**   **Enforcement**

64. The Court shall retain jurisdiction of this action for all purposes during the term of this Stipulation. The Stipulation shall terminate thirty (30) months from the Effective Date unless Class Counsel makes a motion to extend the term of the Stipulation, pursuant to Paragraph 66 below, which motion shall extend the term of the Stipulation until the resolution of such motion. The District Court shall retain jurisdiction over the Parties to enforce and administer the terms of this Stipulation and the Court's Order Approving Settlement and Final Judgment during the period they, or any of their provisions, remain in effect, upon the filing of an appropriate motion by any party.

65. At any time prior to the expiration of this Stipulation, should the Plaintiffs and/or Class Members allege that the Defendant has failed to comply with any term of this Stipulation, Class Counsel shall forward written notification of such alleged noncompliance to Corporation Counsel of City of New York, Attention: Amy Weinblatt, 100 Church Street, Room 5-151, New York, NY 10007 and by email to aweinbla@law.nyc.gov and Darren Trotter, 100 Church Street, Room 5-181, New York, NY 10007 and by email to dtrotter@law.nyc.gov. This notification should include the nature and specifics of any alleged noncompliance and shall specify the evidence of the claimed violation(s). Defendant's Counsel shall reply to this written notification within twenty-one (21) days of receipt. The Parties shall in good faith attempt to resolve the reported noncompliance within forty-five (45) days thereafter.

66. No later than forty-five (45) days before the expiration of this Stipulation, Class Counsel may move the Court to extend the duration of this Stipulation based on alleged material noncompliance in one or more of the following areas:

    a.  Equitable Relief;

    b.  Notice to the Class; or

    c.  Individual Settlement Payments to Named Plaintiff and Class Members and Claims Process.

67. For purposes of such motion described in Paragraph 66, isolated or minimal violations in the specified area(s) shall not constitute material noncompliance. Plaintiffs bear the burden of establishing Defendant's material noncompliance with the Stipulation by showing that Defendant's omission or failure to comply were not minimal or isolated, but were significant, and widespread or recurring. Neither a single incident nor a series of incidents involving a single Class Member shall constitute material noncompliance. Plaintiffs must demonstrate material noncompliance separately for each area for which they seek an extension. Upon finding that Defendant has failed to comply with respect to one or more of the specified area(s), the Court may extend the duration of this Stipulation for up to one year, but only as to the area(s) in which the Court finds material noncompliance. If the Stipulation is extended in any area for an additional time period, the provisions of the this Section shall remain in full force and effect only with respect to the specific area(s) found to be in material noncompliance. The total maximum period of time this Stipulation may be extended is one year. Defendant's and Plaintiffs' Counsel shall work in good faith to resolve any dispute about whether material noncompliance has occurred before seeking the Court's assistance.

## XII.    <u>Attorneys' Fees And Reimbursed Expenses</u>

68. Subject to Final District Court Approval, the Parties agree to negotiate in good faith in an effort to agree on reasonable attorneys' fees based on hours worked on this matter by Brown Rudnick LLP and the Urban Justice Center attorneys. The City agrees to pay such fees that the District Court determines is reasonable.

69. Within thirty (30) days after Final District Court Approval, Plaintiffs' Counsel will provide to Defendant's Counsel their claims for reasonable attorneys' fees, including but not limited to hourly rates per attorney, expenses, and contemporaneous billing records.

70. Within thirty (30) days of Defendant's Counsel's receipt of Plaintiffs' Counsel's claims for fees, counsel for both Parties will negotiate in good faith in an effort to agree upon Plaintiffs' fees and reimbursement expenses.

71. Within thirty (30) days of either: (a) a proposed agreement on the amount of fees and costs; or (b) a determination that Counsel for both Parties cannot agree on the amount of fees and reimbursement expenses to propose to the Court for review, despite good faith negotiations, Plaintiffs' Counsel will submit an application to the District Court for the District Court to determine and approve reasonable attorney's fees and reimbursement expenses. Should there be no agreement, Defendant's Counsel will have thirty (30) days from the date of Plaintiffs' Counsel's submission of claims to the District Court in which to submit an objection and proposal for alternative reasonable fees and reimbursement expenses.

72. The Parties agree that such fees and reimbursement expenses that the District Court determines is reasonable shall be paid by the City of New York and shall not be paid from the Settlement Fund amount.

### XIII.    Preliminary Approval

73. Upon execution by all Parties, the Parties shall file the Stipulation, with all Exhibits to it, with the District Court and will apply for entry of the Preliminary Approval Order substantially in the form attached as Exhibit B, and Plaintiffs will file their unopposed motion for class certification on consent from Defendant.

### XIV.    Fairness Hearing And Order Approving Settlement And Final Judgment

74. At or after the Fairness Hearing, and upon the District Court's approval of this Settlement, the Parties will seek and obtain from the District Court the Order Approving Settlement and Final Judgment. The Order Approving Settlement and Final Judgment will provide at least the following:

    a.   find that the District Court has personal jurisdiction over all Class Members and subject matter jurisdiction: (a) over the claims asserted in the Complaint; and (b) over all the terms of this Stipulation (including the release in Section IX) and all exhibits to this Stipulation;

    b.   find that the Summary Class Notice and notice methodology implemented under this Stipulation constituted appropriate notice to the class pursuant to Fed. R. Civ. P. 23(e)(1);

    c.   certify the Class for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3);

    d.   approve this Stipulation and the proposed settlement as fair, reasonable, adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, as to, and in the best interests of, each of the Parties and the Class Members;

e.   direct the Parties and their counsel to implement this Stipulation according to its terms and provisions;

f.   find that Class Counsel in this action and the Named Plaintiff adequately represented the Class for purposes of entering into and implementing this settlement, and oversee the application for attorneys' fees and the City of New York's payment thereof as provided in this Stipulation;

g.   dismiss the action (including all individual claims and Class claims presented in it) on the merits and with prejudice, without fees or costs to any party, except as provided in this Stipulation;

h.   incorporate and set forth in full the release in Section IX of this Stipulation, and make the release effective as of the date of the Final Judgment; and

i.   state that, without affecting the finality of the Order Approving Settlement and Final Judgment for purposes of appeal, the District Court will retain jurisdiction as to all matters relating to administration, enforcement, and interpretation of this Stipulation and the Order Approving Settlement and Final Judgment, and for any other necessary purpose; and

j.   incorporate any other provisions as the District Court deems necessary and just.

## XV.   <u>Modification Or Termination Of This Stipulation</u>

75. The terms and provisions of this Stipulation may be amended, modified, or expanded only by written agreement of the Parties and approval of the District Court, provided however, that the Parties may effect such amendments, modifications, or expansions of this Stipulation and their implementing documents (including any exhibits to them) without notice to or approval by

the District Court if such changes are consented to by counsel for the Parties and are consistent with the District Court's Order Approving Settlement and Final Judgment.

## XVI.    **Miscellaneous**

76. To the extent there are disputes regarding this Stipulation, the Parties will attempt to resolve any such dispute in good faith. If the Parties fail to resolve the dispute, the District Court retains jurisdiction over the Settlement and the interpretation of the Stipulation.

77. Class Counsel represents that they are authorized to enter into this Stipulation on behalf of Plaintiffs. Defendant's Counsel represent that they are authorized to enter into this Stipulation on behalf of Defendant.

78. All terms of this Stipulation shall be binding on, and inure to the benefit of, the successors of any party.

79. This Stipulation sets forth the entire agreement among the Parties with respect to its subject matter. With the exception of individual General Releases from the Named Plaintiff, the separate settlement agreement of Plaintiff Ana Buestan, and any documents required to effectuate the payments for individual damages claims to Class Members and the Named Plaintiff described in Sections X, the Parties expressly acknowledge that no agreements, arrangements, or understandings not expressed in this Stipulation exist among or between them with respect to the subject matter of this Stipulation.

80. The Stipulation and the Exhibits will not be interpreted or construed in favor of any party under any rule requiring an interpretation or construction against the draftsman in the case of an ambiguity, or otherwise.

81. Whenever this Stipulation requires or contemplates that one Party will or may give notice to the other, notice will be provided by email and First Class Mail as follows:

If to Defendant, then to:

>Amy Weinblatt
>Darren Trotter
>Corporation Counsel of City of New York,
>100 Church Street, Room 5-151,
>New York, NY 10007
>aweinbla@law.nyc.gov
>dtrotter@law.nyc.gov

If to Plaintiffs, then to:

>Daniel L. Day
>Justin S. Weddle
>Brown Rudnick LLP
>Seven Times Square
>New York, NY 10036
>dday@brownrudnick.com
>jweddle@brownrudnick.com
>
>-and-
>
>Matthew Shapiro
>Urban Justice Center
>40 Rector Street, 9th Floor
>New York, NY 10006
>mshapiro@urbanjustice.org

82. All time periods set forth in this Stipulation will be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run will not be included. The last day of the period so computed will be included, unless it is a Saturday, Sunday, or legal holiday, or, when the act to be done is the e-filing of a paper in court, a day on which circumstances have made e-filing to the office of the Clerk of the District Court impossible, in which event the period will run until the end of the next day that is not one of the aforementioned days. "Legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., President's Day, Memorial Day, Independence Day, Labor

Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States.

83. All Parties agree that this Stipulation was drafted by counsel for the Parties at arm's length.

84. The Parties, their successors and assignors, and their counsel agree to cooperate fully with one another and take all necessary and appropriate steps to obtain District Court approval of this Settlement and Stipulation, to use their best efforts to effect the prompt consummation of this Stipulation and the proposed Settlement, and to execute such additional documents as may be reasonably necessary to carry out the provisions of this Stipulation. If the District Court approves this Stipulation, and if there is an appeal from such decision by a nonparty, Defendant will join Class Counsel in defense of this Stipulation or any such appeal or subsequent proceeding.

85. The Parties agree not to appeal any aspect of this Stipulation, under any condition or circumstance, or to otherwise collaterally attack or challenge this Stipulation.

86. This Stipulation may be signed in counterparts, each of which will constitute a duplicate original.

Date:  March 25, 2019

**FOR THE NAMED PLAINTIFF AND THE PUTATIVE CLASS:**

**BROWN RUDNICK LLP**

By: _____
Daniel E. Day
Justin S. Weddle
Seven Times Square
New York, NY 10036
Tel: (212) 209-4978
dday@brownrudnick.com
jweddle@brownrudnick.com

*-and-*

**URBAN JUSTICE CENTER**

By: _____
Matthew Shapiro
40 Rector Street, 9th Floor
New York, NY 10006
Tel: (646) 602-5681
mshapiro@urbanjustice.org

**FOR DEFENDANT CITY OF NEW YORK:**

**ZACHARY W. CARTER,
CORPORATION COUNSEL OF CITY OF NEW YORK**

By: _____
Amy J. Weinblatt
Darren Trotter
100 Church Street
New York, NY 10007
Tel: 212-356-2179
aweinbla@law.nyc.gov
dtrotter@law.nyc.gov

26

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANWAR AHMED, Individually and On Behalf of All Others Similarly Situated, | Case Number: 17 CV 3044 (SHS) |
| Plaintiffs, | |
| v. | |
| CITY OF NEW YORK, | |
| Defendant. | |

## NOTICE AND SUMMARY OF PROPOSED CLASS ACTION SETTLEMENT

**TO: ALL CLASS MEMBERS**

Please be advised that Plaintiff Sanwar Ahmed (the "Named Plaintiff"), on behalf of himself and the Class (as defined below) has reached a proposed settlement with the Defendant City of New York in the above-captioned lawsuit (the "Action"). The proposed settlement provides monetary and equitable relief to the Class. If approved, the settlement will resolve all claims brought in the Action.

**PLEASE READ THIS NOTICE CAREFULLY. IT CONTAINS A SUMMARY OF THE PROPOSED SETTLEMENT. A FULL COPY OF THE SETTLEMENT CAN BE OBTAINED AS PROVIDED IN SECTION 9 BELOW.**

**THIS NOTICE ALSO CONTAINS INFORMATION ON HOW TO RAISE OBJECTIONS OR QUESTIONS THAT YOU MAY HAVE ABOUT THE PROPOSED SETTLEMENT.**

1. **Description of the Class and Action:**

The Class is defined as all licensed or unlicensed New York City mobile food vendors who, in the three years preceding the filing of this lawsuit, were issued a summons during the relevant time period and have had their nonperishable unpermitted vending equipment seized by the City of New York (the "City") without the City providing a voucher to enable retrieval of the seized property.

The Named Plaintiff alleges, among other things, that the City violated federal, state, and local law by maintaining a policy, pattern, and practice of seizing and disposing of mobile food vendors unpermitted mobile food-vending equipment without any hearing or other constitutionally required due process.

The Defendant in this Action is the City of New York. The City denied any wrongdoing, and does not admit to any wrongdoing by participating in the settlement of this action.

Counsel for the Class and for the Defendant have agreed to a written Stipulation of Settlement (the "Settlement") to settle all claims in the Action, subject to the Court's determination that the settlement is fair, reasonable, and accurate.

## 2. **Proposed Settlement:**

This Notice summarizes the more significant terms of the proposed Settlement. For full details, you may request from Class Counsel, listed below, a copy of the complete Settlement, or view the complete Settlement at [Urban Justice Center Website URL To Be Added].

Under the Settlement, Defendant, without admitting any wrongdoing or liability, has agreed to pay a total of $188,531.00 in settlement to the Class and Named Plaintiff for individual damages claims and any incentive award (the "Settlement Fund"). Counsel for the Class will distribute $585.00 to each Class member who files a claim within twelve months after final court approval of the Settlement. In the event that Settlement Funds remain after distribution to Class members who file a claim, any remaining Settlement Funds will be distributed pro rata to Class members who have made a claim within 30 days after the expiration of the twelve-month period up to an additional $415.00 dollars.

Under the Settlement, officials of the City of New York Department of Health and Mental Hygiene ("DOHMH"), New York City Sanitation Department ("DSNY"), and New York City Police Department ("NYPD") shall continue to train all officers, employees, and agents on how to properly document and notice property properly seized from mobile food vendors. In addition, the DOHMH shall conduct one additional training session on how to properly document and notice property seized from mobile food vendors, and new DOHMH staff members will be trained on how to properly document and notice property seized from mobile food vendors in due course after they are hired.

## 3. **Payments to Named Plaintiff to Settle:**

The City, without admitting any wrongdoing or liability, has agreed to pay the Named Plaintiff a total of $2,501.00 from the Settlement Fund in order to settle his claims for individual damages and incentive award.

## 4. **Attorneys' Fees for Class Counsel:**

The Class is represented by Class Counsel, who are the Urban Justice Center, a non-profit organization that provides legal representation and advocacy to various groups of New Yorkers, and Brown Rudnick LLP, an international law firm.

The parties agree to negotiate in good faith reasonable attorneys' fees and reimbursement expenses for Class Counsels' work on this case, and the Court will make the ultimate

determination on what fees and expenses are reasonable. Such fees and reimbursement expenses that the Court determines are reasonable will not be paid from the Settlement Fund amount.

5. **Release and Effect of Settlement:**

The Settlement, if approved by the Court, will bind all members of the Class. This will bar any person who is a member of the Class from seeking any monetary or injunctive relief against the City for claims that exist as of the date of the Settlement based upon or arising from the City seizing unpermitted mobile food-vending property without the City providing a voucher to enable retrieval of the seized property.

6. **Opportunity for Objection:**

The Settlement is not yet final. The Settlement will only become final if the Court approves it after conducting a Fairness Hearing. Before the Fairness Hearing, there is a time period during which the members of the Class can tell the Court about any objections that they may have to the proposed Settlement. If you are a Class member, you have the right to object to the Settlement or specific parts of it and to submit documents that support your objection.

**IF YOU DO NOT OPPOSE THIS SETTLEMENT, YOU DO NOT NEED TO TAKE ANY ACTION.**

Any objections you want to bring to the Court's attention may be submitted in writing, typewritten, or clearly printed. Any objections must be postmarked by the United States Postal Service by _____, 2019. Any objections postmarked after that date may not be considered.

To make sure your objection will be considered, you must mail your objections, postmarked no later than _____, 2019, to the following address:

> Clerk of the Court
> United States District Court for the Southern District of New York
> 500 Pearl Street
> New York, NY 10007

Any objection must set forth in writing the specific reasons for each objection, including any legal support you want to bring to the Court's attention, and any evidence you want to introduce in support of the objection. The written objection must also include your name, address, telephone number, and a statement of whether you or your attorney will ask to speak at the Fairness Hearing described below in Section 7. Objections mailed to the Court in languages other than English will be translated by Class Counsel and considered in the same manner as those submitted in English.

7. **Fairness Hearing:**

The Court will decide whether to approve the Settlement as being fair, reasonable, and adequate. As part of making this decision, the Court will hold a Fairness Hearing. The Fairness

Hearing will be held on _____, 2019, before the Honorable Sidney H. Stein at the United States District Court for the Southern District of New York. The Court may adjourn the Fairness Hearing from time to time.

Any member of the Class may appear at the Fairness Hearing and bring any objections to the Court's attention. You can represent yourself or appear through your own attorney, at your own cost. An interpreter will be provided at the Fairness Hearing for any Class member who submits a request to Class Counsel on or before _____, 2019.

If the Court approves the Settlement, the Settlement will become final. At that time, the release described in Section 5 above would go into effect, and the Settlement would be binding on each member of the Class, whether or not that member filed an objection.

8. **<u>Exclusions:</u>**

Class Members may exclude themselves, or opt-out, of the Settlement. Any Class member who wants to be excluded or opt-out of the Settlement must file a request in writing, typewritten, or clearly printed. Such written request for exclusion must contain the name, address, and telephone number of the person requesting exclusion, and be personally signed by the Class Member. Any requests to exclude or opt-out of the Settlement must be postmarked by the United States Postal Service by _____, 2019. Any requests postmarked after that date may not be considered.

**IF YOU DO NOT WISH TO BE EXCLUDED OR OPT-OUT OF THIS SETTLEMENT, YOU DO NOT NEED TO TAKE ANY ACTION.**

To make sure your request for exclusion is received on time, you must mail your request, postmarked no later than _____, 2019, to the following address:

> Matthew Shapiro
> Urban Justice Center
> 40 Rector Street, 9th Floor
> New York, NY 10006

**9. <u>Questions</u>:**

A full copy of the Settlement is available on the Urban Justice Center's website at [<mark>Urban Justice Center Website URL To Be Added</mark>]. Class Counsel will answer any questions about any aspect of the Settlement or the process related to it, and will provide a full copy of the Settlement by request to those that visit in person, mail, email, or call Class Counsel at:

> Matthew Shapiro
> Urban Justice Center
> 40 Rector Street, 9th Floor
> New York, NY 10006
> Tel: (646) 602-5681
> mshapiro@urbanjustice.org

**EXHIBIT B**

*DRAFT as of January 2, 2019*
*FOR SETTLEMENT DISCUSSIONS ONLY*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANWAR AHMED, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>CITY OF NEW YORK,<br><br>               Defendant. | Case Number: 17 CV 3044 (SHS) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS,
APPOINTING CLASS COUNSEL, AND APPROVING CLASS NOTICE**

HONORABLE SIDNEY H. STEIN, UNITED STATES DISTRICT JUDGE:

**WHEREAS**, on April 26, 2017, in an action now entitled *Ahmed v. City of New York*,

No. 17-cv-03044 (SHS), Plaintiff Sanwar Ahmed brought this putative class action under 42

U.S.C. §§ 1983 and 1988, on behalf of himself and all others similarly situated, alleging that

Defendant City of New York seized unpermitted mobile food-vending equipment from licensed

and unlicensed mobile food vendors without providing property vouchers to enable retrieval of

the seized property, contrary to the Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution, and the laws of the State of New York;

**WHEREAS**, Defendant filed an answer to the complaint on July 31, 2017, contending

that Plaintiffs had failed to state a claim under federal or state law, and further that Defendant

had not violated any rights, privileges, or immunities under the Constitution or under federal or

state law. Also, Defendant contended that the actions of the health inspectors or police officers

involved were reasonable, and that any actions taken by them with respect to Plaintiffs did not

violate any clearly established rights or laws of which a reasonable person would have known at

the time and under the circumstances that the actions were taken, and that the health inspectors or police officers involved were immune from liability under the doctrine of qualified immunity. Finally, Defendant contended that Plaintiffs could not obtain punitive damages against the City of New York;

**WHEREAS**, Defendant filed an amended answer on August 18, 2017, contending that Plaintiffs were barred from obtaining relief for their claims of conversion, negligence, and gross negligence as they failed to file a Notice of Claim with the Office of the New York City Comptroller;

**WHEREAS**, on March 14, 2019, the Plaintiffs and Defendant entered into a Stipulation of Dismissal with Prejudice and to Amend Caption dismissing with prejudice any and all claims by Plaintiff Ana Buestan pursuant to a separate settlement agreement and any and all claims against Defendants Joseph Persaud, Uko Utin, and John Does 1-5.

**WHEREAS**, on March 25, 2019, Plaintiff Sanwar Ahmed and Defendant City of New York have agreed to enter into a Stipulation of Settlement (the "Settlement Agreement"), providing for, inter alia, monetary and equitable relief for the Class Members, defined as "all licensed or unlicensed New York City mobile food vendors who, in the three years preceding the filing of this lawsuit through and including the Preliminary Approval Date, were issued a summons during the relevant time period and have had their nonperishable unpermitted vending equipment seized by the City of New York without the City providing a voucher to enable retrieval of the seized property";

**WHEREAS**, the proposed Summary Class Notice and Publication Notice comply with Federal Rule of Civil Procedure 23(e)(1);

2

**WHEREAS**, the Named Plaintiff and Defendant have jointly filed a motion asking the Court: (i) preliminarily to approve a proposed class settlement agreed to and executed by the parties; (ii) preliminarily to certify the Class; (iii) preliminarily to appoint Class Counsel; and (iv) to approve the content and method of distribution of the proposed notice of the proposed Settlement Agreement to be given to Class Members;

**WHEREAS**, the Court has reviewed and considered the proposed Settlement Agreement, Plaintiff's Memorandum in support of the unopposed Motion, and the Declaration of Daniel L. Day, dated March 25, 2019 ("Day Declaration"), along with Exhibit 1, 2, and 3 thereto (the proposed Settlement Agreement, including the Summary Class Notice as an attachment, the Publication Notice, and the Summary Class Notice Cover Sheet respectively), and the Declaration of Matthew Shapiro, dated March 25, 2019; and

**WHEREAS,** all of the terms of the proposed Settlement Agreement, Summary Class Notice, and Publication Notice are subject to the Court's approval;

**NOW, THEREFORE, GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:**

1. <u>Approval of the Proposed Settlement</u>: The Court hereby preliminarily approves the proposed settlement as set forth in the Settlement Agreement and preliminarily finds that its terms are fair, reasonable, adequate, and serve the best interests of the Class Members, subject to a final determination to be made after the Fairness Hearing.

2. <u>Approval of Class</u>: For the purposes of settlement only, the Court hereby certifies the Rule 23 Class on behalf of the Class Members pending the Fairness Hearing and further order of the Court.

3.   <u>Appointment of Class Counsel</u>: For the purposes of settlement only, the Court appoints the Urban Justice Center and Brown Rudnick LLP as Class Counsel.

4.   <u>Fairness Hearing</u>: Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a hearing so that it can make a final determination as to whether the proposed Settlement Agreement is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and should be signed by the Court (the "Fairness Hearing"). The Fairness Hearing shall be held on _____ ___, 2019 at _____ AM/PM, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY, Courtroom 23A. The Court may adjourn the Fairness Hearing from time to time.

5.   <u>Approval of Class Notice</u>: The Court hereby approves the content and form of the Summary Class Notice, Publication Notice, and Summary Class Notice Cover Sheet.

6.   <u>Method for Giving Class Notice</u>: The Summary Class Notice will be in English, and will be translated by Class Counsel into Spanish, Arabic, Bengali, and Chinese, as set forth in the proposed Settlement Agreement.

7.   <u>Written Objections</u>: Any Class Member may file with the Court any written objections or appear at the Fairness Hearing to object to any aspect of the proposed Settlement Agreement. In determining whether the proposed Settlement Agreement is fair, reasonable, and adequate, the Court will consider written objections postmarked on or before _____ ___, 2019. Any later-postmarked objections may be disregarded by the Court. Timely objections filed to the Court in languages other than English will be translated by Class Counsel and considered in the same manner as those submitted in English. The parties' counsel shall file responses to any timely objections by _____ ___, 2019.

4

8.   <u>Exclusions</u>: Any Class Member may exclude themselves, or opt-out, of the Settlement Agreement. Any Class Member who wants to be excluded from the Settlement Agreement must file a request for exclusion with Class Counsel as set forth in the Settlement Agreement. The Court will consider written requests for exclusion postmarked on or before _____ ___, 2019. Any later-postmarked requests for exclusion may be disregarded by the Court. Class Counsel shall file with the Court all timely requests for exclusion by _____ ___, 2019.

**Dated:** _____ ___, 2019

**SO ORDERED:**

_____

**HON. SIDNEY H. STEIN**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT C**

## GENERAL RELEASE

**TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT SANWAR AHMED ("AHMED")**, on his behalf, on behalf of his respective heirs, executors, administrators, successors, and assigns (collectively, "Releasor"), in consideration of good and valuable consideration received from the CITY OF NEW YORK, the receipt of which Releasor hereby acknowledges, in full satisfaction does hereby irrevocably, unconditionally and generally release the CITY OF NEW YORK, and any of its past or present affiliates or subsidiaries now or as they and/or their successors may be constituted in the future, including but not limited to, the City of New York Department of Health and Mental Hygiene, the New York City Police Department, and the New York City Sanitation Department, its or their past or present officers, officials, directors, employees, managers, supervisors, representatives, attorneys, and agents, its or their heirs, predecessors, successors and/or assigns (collectively the "Released Persons"), from or in connection with, and hereby waives and/or settles, with prejudice, the claims contained in or arising from the Complaint in this action, and any other claims or rights of action that Releasor may have based upon or arising from nonperishable unpermitted vending equipment seized by the City of New York that could have been raised at this time in this action and for which Releasor had standing to raise when filing the Complaint. Releasor hereby releases and waives any and all claims and rights of action that exist as of the Effective Date, to pursue, initiate, or prosecute any and all causes of action, claims, awards, equitable relief, legal and administrative relief, interest, demands, or rights, before any court, administrative agency, or other tribunal, or to file any complaint with regard to acts of commission or omission by the Released Persons related to, connected with, arising out of, or based upon, the allegations contained in, or arising from, the Complaint in this action for which the Releasor had standing to raise when filing the Complaint.

Without limiting the foregoing, this release includes, without limitation, any rights and/or claims arising under any applicable federal, state, local or other statutes, orders, laws, ordinances, regulations or the like, or case law, that relate to due process violations under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York, and any other applicable statutes, orders, laws, ordinances, regulations or the like, or case law, of the State of New York and the City of New York or any political subdivision thereof, and all applicable rules and regulations promulgated pursuant to or concerning any of the foregoing statutes, orders, laws, ordinances, regulations, or the like.

Any change or modification to this General Release must be in writing to be effective and enforceable.

**Releasor expressly acknowledges, represents and warrants that he has read this General Release carefully; that he fully understands the terms, conditions, and significance of this General Release; that he has had a full opportunity to review this General Release with His attorney; that he understands this General Release has binding legal effect; and that he has executed this General Release freely, knowingly, and voluntarily.**

_____

SANWAR AHMED


STATE OF NEW YORK        )
                                          ss.:
COUNTY OF                    )

On the ___ day of _____, before me personally came Sanwar Ahmed, an individual to me known, who, being by me duly sworn, did depose and say that he signed his name to the foregoing Release.

_____

Notary Public

**EXHIBIT D**

## CLAIM FORM INSTRUCTIONS

*Ahmed v. City of New York*,
Civil Action No. 17 Civ. 3044 (SHS)(BCM)

1.  Each person who wishes to make a claim in the above referenced class action (the "Ahmed Action") must submit his or her own Claim Form.

2.  A Class Member who had their nonperishable unpermitted vending equipment (e.g., pushcarts, table, stands) seized by the City of New York without the City providing a voucher to enable retrieval of the seized property in separate incidents, at different dates and/or times, may recover once for each incident.

3.  You must answer all the questions and fill in all the blanks on your Claim Form to participate in the claims process.

4.  Completing and sending in this Claim Form does not guarantee that you will receive payment as part of the Settlement of the Ahmed Action. Your Claim Form must be reviewed and verified.

5.  You cannot receive money unless you complete, sign, and mail the claim form by [date].

6.  If you want further information about the settlement or have questions about these instructions or about how to complete the Claim Form, please call (646) 602-5681. Do not call the Court, the Clerk of Court, or the New York City Law Department, or any other City agency.

7.  Please mail or deliver your completed Claim Form to:

*Ahmed v. City of New York*
c/o Urban Justice Center
Street Vendor Project
40 Rector Street, 9th Floor
New York, NY 10006
Tel: (646) 602-5681
mshapiro@urbanjustice.org

## **CLAIM FORM**

1. Full Name: _____
                First Name            Middle Name          Last Name

2. Street Address: _____
                                                             Apt. No.

   City: _____ State: _____ Zip Code: _____

3. Telephone Number: _____

4. Date of Birth: _____/_____ /_____
                 Month         Day    Year

5. Mobile Food Vending License Number (if any): _____

Between April 26, 2014 and [Preliminary Approval Date], I was issued a summons by the City of New York and my vending equipment was seized by the City of New York without the City providing a voucher to enable retrieval of the seized property.

6. ☐ YES    ☐ NO

**Verification & Release:**

- By signing below, I agree that the U.S. District Court for the Southern District of New York has the authority to rule on my claim for payment as part of the settlement, and that the Court shall maintain jurisdiction of this matter for the purposes of enforcing the settlement and release as described below.

- In consideration for the payment of this sum, I release defendant City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims or rights of action alleging a violation of my civil rights and any and all related state law claims arising out of the Ahmed Action referenced in this form. If my claim is denied, this release will become null and void.

- I declare under penalty of perjury under the laws of the United States that the information on this form is true and correct to the best of my knowledge, belief, and recollection.

Date: _____    Signature_____

                                   Printed Name:_____