# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK



SANWAR AHMED, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CITY OF NEW YORK,

Defendant.

Case Number: 17 CV 3044 (SHS)

## [JOINT PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND FINAL JUDGEMENT

**WHEREAS**, on April 26, 2017, in an action now entitled *Ahmed v. City of New York*, No. 17-cv-03044 (SHS), Plaintiff Sanwar Ahmed brought this putative class action under 42 U.S.C. §§ 1983 and 1988, on behalf of himself and all others similarly situated, alleging that Defendant City of New York seized unpermitted mobile food-vending equipment from licensed and unlicensed mobile food vendors without providing property vouchers to enable retrieval of the seized property, contrary to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York; and

**WHEREAS**, Defendant filed an answer to the complaint on July 31, 2017, stating that Plaintiffs had failed to state a claim under federal or state law; that Defendant had not violated any rights, privileges, or immunities under the Constitution or under federal or state law; that the actions of the individually named defendants were reasonable; that any actions taken by them with respect to Plaintiffs did not violate any clearly established rights or laws of which a reasonable person would have known at the time and under the circumstances that the actions were taken; that the individually named Defendants were immune from liability under the

doctrine of qualified immunity; and that Plaintiffs could not obtain punitive damages against the City of New York; and

**WHEREAS**, Defendant filed an amended answer on August 18, 2017, maintaining that Plaintiffs were barred from obtaining relief for their claims of conversion, negligence, and gross negligence as they failed to file a Notice of Claim with the Office of the New York City Comptroller; and

**WHEREAS**, the parties exchanged discovery and conducted settlement negotiations over 15 months; and

**WHEREAS**, on March 14, 2019, the Plaintiffs and Defendant entered into a Stipulation of Dismissal with Prejudice and to Amend Caption dismissing with prejudice any and all claims by Plaintiff Ana Buestan pursuant to a separate settlement agreement and dismissing any and all claims by both Plaintiff Sanwar Ahmed and Plaintiff Ana Buestan against Defendants Joseph Persaud, Uko Utin, and John Does 1-5; and

**WHEREAS**, on March 25, 2019, Plaintiff Sanwar Ahmed and Defendant City of New York agreed to enter into a Stipulation of Settlement (the "Stipulation" or "Settlement Agreement"), providing for, inter alia, monetary and equitable relief for the Class Members, defined as "all licensed or unlicensed New York City mobile food vendors who, in the three years preceding the filing of this lawsuit through and including the Preliminary Approval Date, were issued a summons during the relevant time period and have had their nonperishable unpermitted vending equipment seized by the City of New York without the City providing a voucher to enable retrieval of the seized property"; and

**WHEREAS**, on April 1, 2019, the Court granted the Plaintiffs' and Defendant's joint motion asking the Court: (i) preliminarily to approve a proposed class settlement agreed to and

2

executed by the parties; (ii) preliminarily to certify the Class; (iii) preliminarily to appoint Class Counsel; and (iv) to approve the content and method of distribution of the proposed notice of the proposed Settlement Agreement to be given to Class Members; and

**WHEREAS**, the Court-approved notice notified the Class Members of their rights under the Settlement Agreement, no Class Member objected to the Settlement Agreement, and no Class Member opted out of the Settlement Agreement; and

**WHEREAS**, on August 13, 2019, the Court conducted a Fairness Hearing; and

**WHEREAS**, the Court has reviewed and considered the proposed Settlement Agreement; and

**WHEREAS**, all of the terms of the proposed Settlement Agreement are subject to the Court's approval.

**NOW, THEREFORE, GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:**

1. Jurisdiction: The Court finds that the District Court has personal jurisdiction over all Class Members and subject matter jurisdiction: (a) over the claims asserted in the Complaint; and (b) the terms of the Stipulation (including the Release in Section IX) and all exhibits to the Stipulation.

2. Approval of the Proposed Settlement: The Court hereby approves the proposed settlement as set forth in the Settlement Agreement and finds that its terms are fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e)(2) and serve the best interests of the Class Members. The terms are consistent and in compliance with the applicable provisions of the United States Constitution, and are in the best interests of each of the Parties and the Class Members. The Court directs the Parties and their

counsel to implement and effectuate the Stipulation according to its terms and provisions; and declare the Stipulation to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits in federal or state court, or in any other legal, administrative, or regulatory proceedings that are commenced or maintained by or on behalf of Plaintiffs or any other Class Members or releasers.

3. Approval of Class: The Court hereby certifies the Class under Fed. R. Civ. P. 23(b)(3) on behalf of the Class Members; the Class is defined as: "all licensed or unlicensed New York City mobile food vendors who, in the three years preceding the filing of this lawsuit through and including the Preliminary Approval Date, were issued a summons during the relevant time period and have had their nonperishable unpermitted vending equipment seized by the City of New York without the City providing a voucher to enable retrieval of the seized property."

4. Representation of the Class: Class Counsel in this action are qualified and experienced, satisfying the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4). Class Counsel in this action, and the Class representatives, adequately represented the Class for purposes of entering into and implementing the Settlement Agreement;

5. Attorney's Fees and Costs: the Court will oversee and [determine whether to] approve the application for [reasonable] attorneys' fees and the City of New York's payment thereof as provided in the Stipulation. *SHS*

6. Class Notice and Notice Methodology: The Class Notice and notice methodology implemented under the Stipulation constituted appropriate notice to the class pursuant to Fed. R. Civ. P. 23(e)(1).

4

7. Dismissal of Claims: All claims asserted in this action (including all individual claims and Class claims presented in it) are dismissed, on the merits and with prejudice, without fees or costs to any Party, except as provided in the Stipulation.

8. Release: This Order incorporates and sets forth in full the release in Section IX of the Stipulation, and makes the release effective as of the date of the Final Judgment.

9. Without affecting the finality of the Order Approving Settlement and Final Judgment for purposes of appeal, the District Court will retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation and the Order Approving Settlement and Final Judgment, and for any other necessary purpose.

10. This Order will incorporate any other provisions as the District Court deems necessary and just.

Dated: August 20, 2019

SO ORDERED:

HON. SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE