UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−−

SANWAR AHMED, Individually and On
Behalf of All Others Similarly Situated,

                                   Plaintiffs,                    17-CV-3044 (SHS)

                    v.                                            OPINION & ORDER

CITY OF NEW YORK,

                                   Defendant.
-------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Sanwar Ahmed, individually and on behalf of all class members, moves for an award of attorneys' fees and costs against defendant City of New York. For the reasons discussed below, the Court dismisses plaintiffs' motion without prejudice.

## I.   BACKGROUND

    On April 26, 2017, plaintiffs Sanwar Ahmed and Ana Buestan brought a class action pursuant to 42 U.S.C. §§ 1983 and 1988, alleging that defendants City of New York and New York City Department of Health and Mental Hygiene Inspectors[1] routinely seized mobile food-vending equipment from mobile food vendors who did not have proper permits without providing property vouchers to enable the vendors to retrieve their seized property, in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. (Compl. ¶ 2-4, ECF No. 1.)

    Almost two years later, plaintiffs and the City of New York agreed to enter into a Stipulation of Settlement ("Stipulation") providing for monetary and equitable relief for class members, defined as "all licensed or unlicensed New York City mobile food vendors who, in the three years preceding the filing of this lawsuit through and including the Preliminary Approval Date, were issued a summons during the relevant time period and have had their nonperishable unpermitted vending equipment seized by the City of New York without the City providing a voucher to enable retrieval of the seized property." (Decl. of Daniel L. Day dated Mar. 25, 2019, Ex. 1 ¶ 23, ECF No. 69-1.)

    The Stipulation provides for a total settlement amount of $188,531, out of which each class member would receive at least $585 and up to $1,000 in payments for

---

[1] In 2019, plaintiffs and defendant City of New York agreed to dismiss with prejudice any and all claims by plaintiff Ana Buestan and any and all claims against the New York City Department of Health and Mental Hygiene Inspectors. (Stipulation of Dismissal, ECF No. 64.)

individual damages claims; Ahmed himself would receive $2,501 for damages and an incentive award. (*Id.* ¶¶ 49, 51, 56-57.) To facilitate the settlement process, the Stipulation provided that "[t]welve (12) months after Final District Court Approval, the Claims administrator shall provide to Defendant's Counsel an accounting listing all funds paid out and each payee." (*Id.* ¶ 57.)

The Stipulation also provided that the parties would negotiate in good faith to agree on reasonable attorney's fees for plaintiffs' attorneys Brown Rudnick LLP and the Urban Justice Center. (*Id.* ¶ 68.) The parties stipulated that, should they ultimately fail to agree on an amount, plaintiffs would submit an application for fees to this Court for approval. (*Id.* ¶ 71.)

In August 2019, the Court approved the settlement of this action and directed the parties and their counsel to implement and effectuate the Stipulation according to its terms. (Order, ECF No. 77.) The parties were subsequently unable to agree on the amount of fees and expenses, and in November 2019, plaintiffs' counsel moved for reasonable attorney's fees and expenses. (Mot. for Att'y's Fees, ECF No. 78.)

Almost one year later, however, plaintiffs sought an extension of time for class members to submit claim forms to the Claims Administrator. (Pls.' Letter dated Oct. 8, 2020, ECF No. 89.) Plaintiffs requested the extension of time after the agreed-upon 12-month period for the submission of claim forms expired with "relatively disappointing results for the class members" because so few claim forms had been submitted. (*Id.*) The Court granted that request and directed plaintiffs to "intensify their efforts to reach all class members" pursuant to plaintiffs' prior assurances to the Court that "the return rate of claims would be high." (Order, ECF No. 90.)

## II. DISCUSSION

The Civil Rights Attorney's Fees Awards Act of 1976 provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A "prevailing party" is "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). For purposes of section 1988, a party who secures a favorable settlement is a "prevailing party." *Roberson v. Guiliani*, 346 F.3d 75, 79-83 (2d Cir. 2003) (upholding award of plaintiff's attorney's fees under 42 U.S.C. § 1988 for section 1983 class action resolved by private settlement agreement).

"A district court has 'considerable discretion' in determining what constitutes a reasonable fee award." *Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 493 (S.D.N.Y. 2019) (quoting *De La Cruz Moreno v. Happy Angel Nail Spa Inc.*, No. 15-CV-10078, 2019 WL 2438966, at *10 (S.D.N.Y. June 12, 2019)). "A district court calculates

2

the presumptively reasonable fee by multiplying the reasonable number of hours that the case requires by the reasonable hourly billing rate," *Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 172 (S.D.N.Y. 2018), which is also known as the lodestar. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The moving party "bears the burden of establishing entitlement to an award" of attorney's fees and costs and "documenting the appropriate hours expended and hourly rates." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The district court may adjust the lodestar to "account for . . . case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183-184 (2d Cir. 2008). In *Hensley v. Eckerhart*, the U.S. Supreme Court held that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Hensley*, 461 U.S. at 440. "Both 'the quantity and quality of relief obtained' . . . are key factors in determining the degree of success achieved." *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997)). When a district court determines that an adjustment to an attorney's fee award is required "on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437.

In this case, the amount of the relief obtained by the class remains undetermined. First, the Stipulation provides that the "Claims Administrator will distribute from the Settlement Fund $585.00 to each Class Member who files a Claim Form." (Day Decl. Ex. 1 ¶ 56, ECF No. 69-1.) Any settlement funds that remain after the initial distribution will then be "distributed pro rata" in a supplemental distribution to "Class Members who have made a claim . . . in an amount up to an additional $415.00 dollars," such that each class member who submits a claim will receive no more than $1,000 total. (*Id.* at ¶ 57.) Because the Court extended the time for class members to file claim forms until February 20, 2021, the Court lacks information regarding the number of class members who will be compensated in this case and the amount each class member will receive. (Order, ECF No. 90.)

Second, the Stipulation provides that if, after the supplemental distribution, "there are any remaining Settlement Funds, Counsel for both Parties will negotiate in good faith in an effort to agree upon distribution of the remaining Settlement Funds," subject to the Court's approval. (Day Decl. Ex. 1 ¶ 58-59, ECF No. 69-1.) That has not taken place yet. In sum, because the Court lacks information concerning 1) the number of class members to be compensated and the amount each will receive, and 2) any proposed plan for distribution of the remaining settlement funds—both of which bear on plaintiffs' success in this matter—the Court cannot properly consider "the

relationship between the extent of success and the amount of the fee award." *See Hensley*, 461 U.S. at 437. Therefore, the Court is unable to rule on plaintiffs' motion for attorney's fees at this time.

## III. CONCLUSION

Because the Court currently lacks the information required to consider plaintiffs' motion for attorney's fees, the Court dismisses the motion without prejudice. After all claims have been filed in this case, and all settlement funds have been distributed according to the terms of the Stipulation, the parties may either submit an agreed-upon amount of attorney's fees for the Court's approval or plaintiffs may renew their motion for attorney's fees.

Dated:  New York, New York
        November 4, 2020

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.